# SOPHIA C. NEWMAN *et al.*

*v.*

## WELLS WILLITTS.

1. CREDITOR'S BILL—*for sale of life estate to satisfy a judgment at law.* Where a defendant in a judgment held a life estate in a tract of land and sold the same to a third person without consideration, and he, at the request of his grantor, conveyed the same to her daughter: *Held,* that a court of equity will give relief on a bill filed for the purpose of subjecting the life estate to the payment of the judgment.

2. ERROR IN THE JUDGMENT. Nor does it matter, in such a case, that the clerk assessed the damages on a default where there was a special count on a note and the common counts in the declaration. If an error, a court of equity will not hold the judgment void for that reason.

3. EXECUTION—*variance.* Nor will a court of equity withhold relief because the first execution, returned *nulla bona,* was issued for a less sum than the judgment. Such a variance would be ground to have it set aside in the court whence it was issued; it was not void but only voidable.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. B. C. TALIAFERRO, for the appellants.

Mr. JOHN C. PEPPER, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was a creditor's bill, filed upon a judgment recovered by appellee, against Sophia C. Newman, at the April term, 1861, of the Mercer circuit court, for $814.85, besides costs. The bill alleged that, on the 4th of October, 1861, an execution was issued upon this judgment, described in the writ as a judgment for $800.85, and was returned *nulla bona;* that, on the 11th of August, 1864, another execution was issued and returned in like manner; that Sophia C. Newman has a life estate in certain real estate described in the bill, and in order to defraud appellee she executed a deed of it to one J. Martin.

without consideration, and the latter, at the request of the former, conveyed the same to Martha A. Newman, the daughter of said Sophia C.

A stipulation was entered into, admitting the life estate in Sophia C. Newman, and a homestead right, and that the life estate had, from the time of appellee's judgment, been subject to the same, and that the deed from Sophia C. to Martin, and from him to Martha A. Newman, were void as to appellee; the stipulation reserving to appellants the right to question the validity of the judgment and avail themselves of the statute of limitations.

Two points are presented for the consideration of the court:

*First*—That the judgment upon which the bill is based was irregular and void, because it appears, by the record in that case, that there was one special count in the declaration upon a promissory note, and the common counts; that a default was taken, and the court ordered that the clerk assess the damages upon the count on the note without any withdrawal of the common counts.

*Second*—That the first execution did not correspond with the judgment, but was for $14 less, and that intermediate the time of filing this bill and the hearing upon application to the court at law by the appellee, the execution was amended by order of the court so as to correspond with the judgment.

By the first point, appellants ask a court of equity to question a judgment at law for irregularity, and upon a ground which, this court has expressly decided, is not sufficient to reverse the judgment upon error. *Thompson* v. *Haskell*, 21 Ill. 215.

A judgment at law may be impeached in equity for fraud, but there is no case in which equity has ever undertaken to question a judgment for irregularity. *Shottenkirk* v. *Wheeler*, 3 Johns. Ch. 275.

The second point calls in question the validity of the execution. The variance between the amount stated in the execution and the judgment, was an irregularity which rendered

the writ voidable and subject to be set aside upon the application of the judgment debtor to the court whence it issued, but was not void. *Durham et al.* v. *Heaton,* 28 Ill. 264.

Upon a creditor's bill, filed to obtain satisfaction of a judgment after the return of an execution at law unsatisfied, the court of chancery is not authorized to decide upon the regularity of the judgment and execution in the court of law. But in a proper case, the proceedings upon the creditor's bill will be stayed a sufficient length of time to enable the defendant to apply to the court at law for an order to set aside the judgment or execution for irregularity. *Sandford* v. *Sinclair,* 8 Paige R. 373.

The points made being untenable; and this court perceiving no error in the record, the decree of the court below will be ·affirmed. *Decree affirmed.*