HENRIETTA ANDREWS

*v.*

MAX DONNERSTAG *et al.*

*Opinion filed February 14, 1898.*

1. PLEADING—*equity—bill in aid of execution need not aver return nulla bona.* A bill to set aside, in aid of complainant's execution, an alleged fraudulent conveyance, need not contain an allegation that an execution had been returned "no property found."

2. SAME—*when bill contains sufficient allegations of fraud.* A bill in aid of an execution, which alleges that the conveyance sought to be set aside was made after complainant's debt was incurred but before judgment; that the conveyance was a sham, made without consideration, with the intention of defrauding complainant and other creditors, and that the grantee holds the property in trust for the grantor in order to prevent its sale on execution, states a *prima facie* case for equitable relief.

3. APPEALS AND ERRORS—*findings of fact by decree are conclusive in absence of certificate of evidence.* The findings of fact by the court in a decree are conclusive on appeal, in the absence of a certificate of evidence.

*Andrews* v. *Donnerstag,* 70 Ill. App. 236, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

M. SALOMON, for appellant.

BULKLEY, GRAY & MORE, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellees filed their bill of complaint in the Superior Court of Cook county, against appellant and others, to set aside, in aid of their execution, an alleged fraudulent conveyance of a certain piece of real estate, made by Henrietta Diamond and her husband to appellant, Henrietta Andrews, all of whom were made defendants to the bill. A demurrer to the bill was overruled, and the

defendants answered denying the alleged fraud. Replications were filed, the cause heard and a decree entered as prayed in the bill. This decree has been affirmed by the Appellate Court, and Henrietta Andrews, the grantee in the alleged fraudulent conveyance, has brought the record here on this her further appeal.

There is no certificate of evidence, and the only ground urged for reversal is, the bill on its face shows no equity and is not sufficient to sustain the findings of the decree.

The decree contains a sufficient finding of facts, but it is contended there are no allegations in the bill to support such findings. The bill is not, strictly speaking, a creditor's bill to reach the equitable assets of the insolvent debtor, but, as before said, is one to set aside a fraudulent conveyance out of the way of an execution, and it was not necessary to allege an execution returned "no property found." *Wisconsin Granite Co.* v. *Gerrity*, 144 Ill. 77.

It is, however, claimed that the bill did not sufficiently set out the alleged fraud in the making of the conveyance by the Diamonds and the taking of the same by appellant, and did not show but that the complainant's judgment might have been satisfied by a levy upon personal property. The only question here is whether there are sufficient allegations in the bill to sustain the decree. It may be said, however, that the bill did show, by its allegations, that the defendant in the execution had also fraudulently transferred all her personal property. Upon the principal question as to the alleged fraudulent conveyance of the lot in question, as the question is here raised, we have no doubt the bill is sufficient. It was alleged in the bill that the conveyance was made after the appellees' debt was incurred but before the judgment; that the conveyance was not real, but was a mere sham, without any actual or valuable consideration whatsoever, and was made with the intention of defrauding the complainants and the other creditors of said Henrietta Diamond out of

their just demands, and that the premises were then held by said Henrietta Andrews in trust for said Henrietta Diamond and for her use and benefit, and for the purpose of preventing a levy and sale of the same under and by virtue of said execution. The findings of the decree sustained these allegations, and it is somewhat difficult to see what more was necessary.

A point is made by appellant, based on her incorrect abstract, that the bill did not allege the conveyance was made without consideration. The record shows, however, as above recited, that the bill did contain that allegation. The findings of the facts by the decree, in the absence of a certificate of evidence, are of course conclusive.

It is said that the bill does not show that the grantee was a party to the alleged fraud or had notice of the fraudulent purpose of the grantor. This view is incorrect. She was a mere volunteer, taking the property without consideration, and holding it, as alleged, in trust for the benefit of said Henrietta Diamond, the real owner, and for the purpose of preventing a levy and sale under the execution. The bill also charged that Henrietta and Solomon Diamond and Henrietta Andrews, for the purpose of cheating the creditors of said Henrietta Diamond, fraudulently and corruptly combined and confederated together to make, and did make, assumed and pretended conveyances of all of the' latter's property, and that said conveyance of said lot was a part of the same fraudulent and corrupt plan and design.

The point that the conveyance should not have been set aside as to the husband of the judgment debtor is without force.

There is no merit in the appeal, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*