First National Bank v. Dawson.

JOSEPH A. ROY, for appellant.

PENICK & HUBBARD, for appellee.

---

First National Bank of Paris, Illinois, v. Thomas M. Dawson et al. °

1. BILL IN AID OF EXECUTION—*return nulla bona not essential to maintenance of.* A return *nulla bona,* that is to say, an exhaustion of the remedy at law, is not essential to the maintenance of a proceeding to remove a conveyance of real estate out of the way of execution.

2. BILL IN AID OF EXECUTION—*who not necessary party to.* The judgment debtor is not a necessary party to a bill in aid of execution.

Bill in aid of execution. Appeal from the Circuit Court of Edgar County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded with directions. Opinion filed March 20, 1906; modified May 30, 1906.

F. C. VAN SELLAR, for appellant.

F. W. DUNDAS, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

This was a proceeding instituted by appellant against appellees to set aside and remove a deed made by Thomas M. Dawson to his wife, Fannie, to real estate in Edgar county.

The bill in substance alleged that appellant had two judgments against said Thomas M. Dawson and one Mark Boatman (known as the firm of Dawson & Boatman), one for the sum of $1,891.29, and the other for the sum of $451.76, besides costs; that executions had been duly issued upon said judgments and delivered to the sheriff of said Edgar county, which by him were duly indorsed, and after service thereof upon defendants therein, on the second day of August, 1901, returned "no property found". The bill further alleged that prior to the rendition of the judgments, but after the indebtedness upon which the same was rendered had accrued, and on the twenty-third day of June, 1897, said Thomas M. Dawson made a pretended conveyance of said lands to his wife, Fannie, for the pretended consideration of one dollar; that said conveyance was not real, but a mere sham, and made to defraud appellant; that there was, in fact, no consideration for said deed, but that its purpose was to prevent a levy and sale by virtue of executions upon said judgments. The bill further alleged that the firm of Dawson & Boatman had no property, real or personal, and had none at the time of the rendition of the judgments, and that Dawson had no property other than that conveyed to his wife. The prayer of the bill, so far as it is necessary to recite it here, was that said conveyance be set aside and vacated as null and void, and that the land conveyed be declared subject to sale under executions upon said judgments, and the sheriff directed to levy upon and sell said premises in payment of said judgments.

Appellees filed their answer to said bill, and upon the filing of replications the cause was referred to the master in chancery to take evidence and report the same with his conclusions.

The master in chancery heard the case and reported the following conclusions:· That the firm of Dawson & Boatman had no assets; that previous to the rendition of the judgments Thomas M. Dawson was the owner of the lands in dispute, and on June 23, 1897, conveyed the same to his wife without consideration, and that prior to such conveyance said Fannie had acquired no interest in said lands by virtue of any previous contract; that said Thomas M. Dawson had no other property out of which said executions could have been satisfied; that the firm of Dawson & Boatman was indebted to appellant in the sum of $3,000 on June 8, 1897; and recommended that the bill of complaint be dismissed, because Mark Boatman was not made a party defendant to the bill, and because no reason was shown why the executions could not have been satisfied out of the property of said Boatman, basing such latter recommendation upon the theory that complainant had a complete remedy at law and could, therefore, not ask relief in equity. The court adopted the recommendations of the master and dismissed the bill at costs of appellant. The bank appeals.

The contention of appellees here, based upon the doctrine announced in the case of Durand v. Gray, 129 Ill. 9, and Cook Co. v. Davis, 143 Ill. 151, cited by appellees, that when a party has a complete remedy at law, equity will decline to interfere, has no application to this suit. The bill or petition in this case is not framed upon the theory that appellant has exhausted its remedy at law; nor is it a bill for discovery in the same sense in which that term is usually employed (Newman v. Willitts, 60 Ill. 519); but it is a proceeding in aid, *based upon the theory of fraud* over which a court of equity always has ample jurisdiction.

It is a well-settled rule in this state that a bill in equity to remove a fraudulent conveyance out of the way of an execution, may be filed as soon as judgment is rendered and without waiting until execution is returned (Dillman v. Nadelhoffer, 162 Ill. 625–628; Hughes v. Noyes, 171 Ill. 575; Wisconsin Granite Co. v. Gerrity, 144 Ill. 77). In the Newman v. Willitts case, *supra*, the court say there is

one sort of creditor's bill where complainant is not bound to go so far as to show that he has exhausted his remedy at law, and that is when he seeks to remove a fraudulent conveyance out of the way of his execution.

There is no force in the contention of appellees that the return *nulla bona* was rendered nugatory by the fact that the attorneys for appellant directed the sheriff so to return the executions. Such return was surplusage and needless in a case like the one under discussion. Andrews v. Donnerstag, 171 Ill. 329; French v. Commercial Nat'l. Bank, 199 Ill. 213. In both of these cases the court say that upon a bill to set aside, in aid of an execution, an alleged fraudulent conveyance, the bill need not aver that an execution had been returned "no property found." And in the latter case the fact that the execution had been returned by order of plaintiff's attorney was held to be of no force as against the complainant's right to maintain his bill.

Nor do we think that Boatman was a necessary party to the suit. That point was made in the case of Fox v. Moyer, 54 New York, 126, which was a suit like the present one, to set aside a deed as fraudulent and void, where there was a judgment debtor not made a party defendant. In that case the court held that such judgment debtor was not a necessary party, whether solvent or insolvent, at the time of the commencement of the suit.

The plaintiff had issued execution against two judgment debtors to the sheriff of the county where they both resided and had it returned unsatisfied. He then claimed that his judgment was a lien upon certain real estate which one of the judgment debtors had fraudulently conveyed to the defendant, and he commenced action to have the cloud resting upon the lien of his judgment removed, and to have his judgment satisfied out of the land, notwithstanding the conveyance. The conveyance was good as between the parties thereto, and hence no one had any interest to defend the suit but the defendant, and he was therefore the only party defendant.

For the reasons above stated it follows that the decree

of the court dismissing appellant's bill was erroneous, and such decree is reversed and the cause remanded with directions to the court below to enter a decree that the interest of both Dawson and wife in the lands involved be subjected to sale, under executions in favor of complainant upon the judgments described in its bill.

*Reversed and remanded, with directions.*