## E. R. Downer, Plaintiff in Error, v. John J. Warren and Gertrude A. Warren, Defendants in Error.

### Gen. No. 6,230.

1. EQUITY, § 30*—*when party estopped to claim lack of jurisdiction of equity.* One who has summoned another before a court of equity cannot object that as to relief, concerning matters in controversy, which such other seeks he has an adequate remedy at law.

2. EQUITY, § 38*—*when concurrent jurisdiction with courts of law.* A court of equity has concurrent jurisdiction with courts of law in questions involving fraud.

3. EQUITY, § 23*—*when jurisdiction retained.* When a court of equity obtains jurisdiction of a cause for one purpose it may retain it for all purposes, even though some of the matters involved are more cognizable in a court of law.

4. JUDGMENT, § 66*—*when procuring entry of judgment by confession fraudulent.* Procuring the entry of a judgment by confession under a power of attorney which the creditor knew had become inoperative because of the discharge of such indebtedness by the debtor's discharge in bankruptcy, *held* fraudulent.

5. JUDGMENT, § 321*—*when equity jurisdiction to inquire into question of fraud in entry of judgment.* On a creditor's bill to discover assets of the judgment debtor and cross-bill, averring that the judgment was fraudulently entered and praying an injunction restraining proceedings thereunder, the court may inquire into such question of fraud and, if proper, grant the prayer.

6. JUDGMENT, § 199*—*what is effect of invalidity of judgment as to one joint defendant on liability of other.* A creditor's bill for discovery of assets of joint judgment debtors must be dismissed on a finding that the judgment was fraudulently entered as to one defendant, since it must be treated as a unit and cannot be valid as to one defendant and invalid as to another.

7. APPEAL AND ERROR, § 553*—*when cross-bill sufficient on appeal.* Where, on filing of a joint answer and cross-bill, the complainant moved to strike the cross-bill from the files on the ground that it was filed before the answer, but filed no exceptions to the pleading as an answer, and an amended cross-bill was filed to which the complainant demurred, but did not move to strike from the files for lack of an answer, *held* that such cross-bill must be sustained on appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Circuit Court of Kane county; the Hon. CLINTON
F. IRWIN, Judge, presiding. Heard in this court at the April term,
1916. Affirmed. Opinion filed August 10, 1916.

CHARLES H. DARLING, for plaintiff in error.

No appearance for defendants in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case a creditor's bill was filed on March 25, 1912, in the Circuit Court of Kane county, by the plaintiff in error, E. R. Downer, against the defendants in error, John J. Warren and Gertrude A. Warren. The bill was founded upon a judgment, which had been taken by confession, against the defendants in error, on the 9th day of November, 1911, for the sum of $522. The note and power of attorney upon which the judgment was based was dated August 27, 1903, the note being for the sum of $350, payable in six months after date, with six per cent. interest per annum from date.

The bill alleges that an execution had been issued on the judgment February 7, 1912, and returned *nulla bona,* and seeks discovery of assets and legal and equitable interests in property, claimed to be held by the defendants in error for the purpose of utilizing the same in the liquidation of the judgment. To this bill of complaint the defendants in error filed a joint and several answer and cross-bill combined. The plaintiff in error moved to strike the cross-bill from the files for the reason that the cross-bill was filed before the defendants in error had filed their answer to the bill of complaint, which motion the court denied. Afterwards, on July 15, 1913, however, the court granted defendants in error leave to file an amended cross-bill instanter, and to this amended cross-bill plaintiff in error interposed a demurrer, which the court overruled, and thereupon entered a rule upon plaintiff in

error to answer the cross-bill, but the plaintiff in error elected to abide by his demurrer and the court then entered a decree taking the cross-bill as confessed, defaulting the plaintiff in error for want of an answer thereto, and finding the facts as alleged in the cross-bill, and upon the basis of these facts finding the equities to be with the defendants in error.

The facts found by the court, which are alleged in the cross-bill, are that on the 27th day of August, 1903, the defendants in error, John J. Warren and Gertrude A. Warren, executed the promissory note for $350, upon which the judgment was founded, and the power of attorney, which note and power of attorney were signed by Gertrude A. Warren in the name and style of "Mrs. John Warren," and that on the 28th day of March, 1906, the defendant in error, John J. Warren, filed in the District Court of the United States for the Northern District of Illinois, the Eastern Division thereof, his petition in bankruptcy, and on the 4th day of February, 1907, an order was entered by said court discharging said John J. Warren from all debts and claims made provable under the bankruptcy laws of the United States, and which existed on the 28th day of March, 1906.

The court finds that the order of discharge operated as a discharge of the debt represented by the promissory note in question and of the obligation thereof; that at the time of the entry of the judgment in question for the sum of $522 in favor of the plaintiff in error, the said John J. Warren therefore was not indebted to the said E. R. Downer upon the promissory note, nor upon the obligation for which it was given, and that the power of attorney attached to the note had become null and void by reason of the discharge in bankruptcy, and did not any longer authorize any attorney to appear and confess judgment against the defendants in error; and the court finds that the judgment in question against the said defendants in

error was obtained and entered of record on the 9th day of November, 1911, is null and void and of no force and effect; and ordered that the plaintiff in error, E. R. Downer, and his attorney, be permanently enjoined and restrained from selling, assigning, or otherwise disposing of any claimed interest in said judgment of record, and from causing any execution to issue thereon; and further decreed that said judgment be set aside.

From this decree the plaintiff in error prosecutes this writ of error, and it is contended by him that the court erred in overruling the demurrer to the amended cross-bill, and he insists that the defendants in error, on account of the matters set forth in the amended cross-bill, should have sought their remedy at law; and that they have no standing in a court of equity to set aside and vacate a judgment at law, but should have gone into the court where the judgment was rendered and made a motion and an affidavit setting up the facts averred in the cross-bill, and asked leave to plead and prove their defense to the judgment; that the defendants in error have no right to seek the aid of a court of equity, where their remedy at law is complete and adequate.

We are of opinion, however, that the plaintiff in error cannot successfully raise the question that defendants in error are in the wrong tribunal to have their rights adjusted, when he himself summoned them into this tribunal. He is not in position to deny them the privilege of having their rights and interests, which are involved in the subject-matter of this suit, settled by the court to which he compelled them to come and submit themselves. However, a court of equity has concurrent jurisdiction with courts of law, in questions involving fraud. (*Newman v. Willitts,* 60 Ill. 519; *Jones v. Neely,* 72 Ill. 449; *Babcock v. McCamant,* 53 Ill. 214; *Grand Tower & C. G. R. Co. v. Walton,* 150 Ill. 428.) And when a court of equity obtains jurisdic-

tion of a cause for one purpose it retains it for all purposes, even though some of the matters involved are more cognizable in a court of law. (Pomeroy's Equity, vol. 1, sec. 181; *Stickney v. Goudy,* 132 Ill. 213; *Grand Tower & C. G. R. Co. v. Walton, supra; Coleman v. Connolly,* 242 Ill. 574; *Drum v. Drum,* 251 Ill. 232; *Patterson v. Patterson,* 251 Ill. 153.)

John J. Warren's discharge in bankruptcy released him from all debts provable against his estate as a bankrupt, and this included the promissory note in question. (*Nelson v. Petterson,* 229 Ill. 241.) From the allegation of facts in the cross-bill it clearly appears that the note in question was a subsisting debt against John J. Warren on March 28, 1906, and was provable against his estate as a bankrupt; and was in fact proved up against his estate by the plaintiff in error prior to the date of his discharge in bankruptcy, namely, February 4, 1907. The plaintiff in error must, therefore, be charged with full knowledge of the fact that at the time the judgment by confession was entered upon the note under the stipulations of the power of attorney attached thereto, the note was no longer a subsisting debt against the defendant in error, John J. Warren, and that the power of attorney had become inoperative. Under these circumstances the act of the plaintiff in error in invoking the power and jurisdiction of the court to enter a judgment upon an indebtedness which he knew had been released by the bankrupt's discharge under a power of attorney which he knew had become inoperative was a fraud, and the judgment was therefore fraudulently entered against the defendant in error, John J. Warren, and the transaction, therefore, became a legitimate matter for the jurisdiction of a court of equity.

It is insisted, however, that because the discharge in bankruptcy affected only the rights of the defendant in error, John J. Warren, the other defendant in error, Gertrude A. Warren, could not base any defense to the

judgment upon such discharge, and that so far as she is concerned the obligation to pay the debt represented by the promissory note still remained. This argument might have considerable force if we were dealing with the matter of the indebtedness alone, which was represented by the promissory note, but in this case the question involved bears upon the validity of the judgment, which is a joint judgment against both defendants in error. The judgment is a unit, and must be treated as such. It cannot be regarded as valid against one defendant and invalid as to the other. (*Seymour v. O. S. Richardson Fueling Co.,* 205 Ill. 77.)

The judgment, therefore, cannot be sustained in part and vacated in part, nor its collection enjoined in part, but can only be sustained as a whole, or vacated in its entirety. It is evident that the matters which rendered the judgment invalid were therefore matters which constituted a defense against the whole judgment, and affected the right of the plaintiff in error to maintain it against both defendants, and these matters of defense were therefore properly pleaded as a joint defense, available to the defendants in error, jointly.

The point made by the plaintiff in error that the defendants in error did not have a legal right to file a cross-bill because no answer has been previously filed to the original bill is not well taken. The record discloses that a joint answer and cross-bill had been filed previous to the filing of the amended cross-bill, which the plaintiff in error moved to strike from the files, and which motion the court denied, and that an amended cross-bill was afterwards filed by leave of court. No motion was made to strike the amended cross-bill from the files for lack of an answer filed to the original bill; and indeed it does not appear that the sufficiency of the pleading previously filed denominated "joint answer and cross-bill" as an answer was questioned. If this pleading was not sufficient, or was deficient, as an answer, the plaintiff in error should have raised the

question by filing exceptions to it. This was not done, hence this court must assume that what purported to be their answer to the original bill was in fact an answer, and the amended cross-bill was filed after this answer had been filed.

We are of opinion that the demurrer was properly overruled and we find no error in the decree vacating the judgment and permanently enjoining its collection. The decree should therefore be affirmed.

*Decree affirmed.*