SARAH DAVIDSON

*v.*

DON A. BURKE, EXR.

*Filed at Springfield November 2, 1892.*

1. LIEN—*under a creditor's bill.* The filing of a creditor's bill and the service of process create a lien, in equity, upon the effects of the judgment debtor and upon the lands fraudulently conveyed by him. When the plaintiff has no lien on the property sought to be reached, it is the filing of the bill in equity, after the return of execution, which gives the plaintiff a specific lien. In such case the *lis pendens* is an equitable levy, and secures a lien to the complainant, and it is wholly unimportant that the final decree establishing the lien is not rendered until long after the judgment at law has ceased to be a lien, by force of the statute, upon the real estate of the judgment debtor.

2. SAME—*on lands fraudulently conveyed.* The statutory lien of a judgment is on the real estate of or belonging to the person against whom it is recovered. When the debtor makes a conveyance of his lands in fraud of the rights of creditors, but which is valid between the parties to such conveyance before the rendition of judgment against him, such judgment will be no lien on such lands by operation of law.

3. SAME—*lost by neglect—no relief in equity.* Where the statute prescribes the time during which judgments shall have the force of liens on the lands of judgment debtors, as in this State, one who has neglected to enforce his judgment lien in proper time will not, in equity, be relieved from the consequences of his neglect.

4. CREDITOR'S BILL—*filed in apt time.* Judgment against a debtor was obtained September 19, 1881, execution was issued thereon November 3, 1881, and a creditor's bill was filed February 7, 1883, and the summons issued in the cause was served on the defendants on February 9, 1883. The judgment lien expired in September, 1888, and the decree for complainant was not rendered until December 16, 1889, it was *held*, that under any theory this bill was filed in due and ample time.

5. SAME—*raising defense to original judgment.* On creditor's bill to set aside a fraudulent conveyance of the debtor and subject the property so conveyed to the payment of the judgment, the debtor and his fraudulent grantee will be precluded from setting up any defense against the judgment that might have been interposed to the suit in which the judgment was rendered.

6. FRAUD—*fraudulent conveyance.* One can not transfer his property in consideration of an obligation for his support during his natural life, unless he retains enough property to satisfy all existing debts. In such case, the fraudulent intention to hinder and delay creditors in the collection of their debts follows necessarily, as a conclusion of law, wholly regardless of what the parties to the transaction in fact intended.

7. If a debtor, under the honest belief that the debt has been satisfied under an arrangement made, whereby it was to be collected from the estate of a joint debtor, conveys all his available property to another, in consideration of an obligation of the grantee for his support for life, such conveyance will be fraudulent in law, though no fraud was intended.

8. CONSIDERATION—*for release of a debt.* Where the holder of a joint note agrees with the surviving maker, on payment of one-half the debt, to look to the estate of the deceased maker for the other moiety, such agreement will be void for want of consideration to support it.

9. DEFENSE—*failure to interpose.* If an agreement of a creditor amounts to a release of his claim, the debtor, when sued on the debt, should interpose the same as a defense, and if he fails to do so, the judgment will settle the fact of the continued existence of the debt, and also the amount of the indebtedness.

10. CHANCERY—*relief under general prayer.* A decree on creditor's bill seeking to impeach a conveyance of the debtor made to defraud creditors, before the recovery of judgment, is not erroneous in directing a sale of the property by the master in chancery, for the reason, that is not the specific relief asked for in the bill. Under the general prayer the court may decree any relief that is consistent with and justified by the facts alleged in the bill.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Messrs. RINAKER & RINAKER, for the plaintiff in error:

The statutory lien of a judgment on lands is for the period of seven years, and no longer. Rev. Stat. chap. 77, sec. 1.

There was no lien at the date of this decree, and there being no existing lien there was error in removing the obstruction created by the deed, and subjecting the land to the payment and satisfaction of the judgment. *Newman* v. *Willetts,* 52 Ill. 98.

The court erred in directing a sale by the master in chancery, for the reason no such relief was asked in the bill, and the court, on setting aside the deed, should have left the creditor to pursue his remedy at law, and also because the decree, in effect, revives the judgment and continues its lien for more than seven years, while the rule is that the revival of a judgment does not continue the lien. Freeman on Judgments, sec. 392.

The court was probably led into error by treating the bill as an ordinary creditor's bill praying the discovery of assets, and their application, when discovered, to the payment of the judgment, which was a mistake, because this was not a creditor's bill in the usual sense of that term. Rev. Stat. chap. 22, sec. 49; *Newman* v. *Willetts,* 52 Ill. 98.

The proper decree should have fixed the time of payment, and in default of payment directed the sheriff to sell. *Patterson* v. *McKinney,* 97 Ill. 41.

By failing to probate the note against the estate of Spencer Norvell, William Norvell was injured by the amount sought to be recovered. *Payne* v. *Weible,* 30 Ill. 166; *Hill* v. *Enders,* 19 id. 163; *Guard* v. *Whiteside,* 13 id. 7.

The evidence disproves the existence of any fraud or fraudulent intent on the part of the defendants, as they believed the debt was paid.

When the grantee, as in this case, is entirely free from all fraud and all fraudulent purpose in accepting the conveyance, and has paid a valuable consideration, a court of equity will not set aside the deed. *Hatch* v. *Jordon*, 74 Ill. 414; *Gridley* v. *Bingham*, 51 id. 153; *Myers* v. *Kinzie*, 26 id. 36; *Phelps* v. *Curts*, 80 id. 109.

It is an elementary rule, hardly requiring the citation of authority, that "if the negligence of one influences and induces an act whereby an innocent man is injured, the culpable party must sustain the loss." (*Yocum* v. *Smith,* 63 Ill. 321.) The loss of the amount of the half of this note, therefore, must fall upon the defendant in error.

He who seeks equity must do equity, and the defendant-in error, we submit, can not successfully ask a court of equity to exercise its equitable powers in construing to be fraudulent an honest disposition of his debtor's property, made because of his reliance upon him in the discharge of a duty he voluntarily assumed but negligently performed.

Defendant in error was bound to exercise reasonable diligence in discharging the duty he assumed, of probating this note, and must account for the injury sustained by negligently performing it, whether he received a consideration or not. *Coggs* v. *Barnard*, 2 Ld. Raym. 909; *Robinson* v. *Threadgill,* 13 Ired. 41; 2 Story on Contracts, sec. 704.

Messrs. PALMER & SHUTT, for the defendant in error.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Sarah Davidson is plaintiff in error herein, and Don A. Burke, surviving executor of Beatty T. Burke, deceased, is defendant in error. On the 7th day of February, 1883, said Burke and his then co-executor, one John G. Shryer, who has since ceased to be an executor, filed in the Macoupin circuit court, against said Davidson and one William Norvell, who died soon after the decree herein was rendered, the bill in

chancery that is found in the record now before us. The substance of the bill was, that said Burke and said Shryer, as executors, recovered a judgment on the 19th day of September, 1881, in the said circuit court, against said William Norvell, for $896.81 damages and $7.65 costs; that on the 3d day of November following, a writ of *fieri facias* was issued on said judgment, and afterwards returned by the sheriff unsatisfied, no property being found; that on February 3, 1883, an *alias* execution was issued, which was yet in the hands of the sheriff and wholly unsatisfied; that before the rendition of the judgment said Norvell was the owner in fee of certain real estate described in the bill; that on March 10, 1881, it being before the rendition of judgment but after the debt was contracted, said Norvell made a pretended conveyance in fee of said real estate to said Sarah Davidson, for a pretended consideration of $2000; that said conveyance was made with the intention of defrauding complainants out of their just demands; that no consideration was paid therefor; that when the conveyance was made Norvell was destitute of any property except said real estate, and was wholly insolvent excepting said land, and retained no property with which to pay his debts to complainants or other creditors, and that said premises were held by said Davidson in trust for Norvell, and for his use and benefit, and for the purpose of preventing a levy and sale; and the bill sought discovery of the circumstances attending the conveyance, and whether or not the sole consideration therefor was a bond made by said Davidson to said Norvell, whereby said Davidson bound herself to support said Norvell during his natural life.

The answer of the defendants admitted the recovery of the judgment, the issuance of an execution, the return of the same endorsed "no property found," and the conveyance of the land on March 10, 1881, by Norvell to Davidson. It denied that Norvell, at the dates of the deed and the judgment, was justly or in equity indebted to complainants in any sum whatever,

and alleged, in substance, that prior to January 29, 1879, said William Norvell, and his brother, Spencer Norvell, were indebted, as joint principals, to complainants, upon a promissory note theretofore executed to the testator of the latter; that said Spencer died intestate at the date last mentioned; that thereafter complainants brought suit on the note against said William Norvell; that thereupon an agreement was made between said William and complainants, that if the former would then pay one-half of the amount due on said note the latter would dismiss said suit and probate said note for the balance due thereon against the estate of said Spencer Norvell; that under said agreement said William paid one-half of the amount then due on the note, and said suit was dismissed without prejudice; that the estate of said Spencer was amply sufficient to pay the remaining one-half of said note and interest, and all other debts and claims against it, and that the two years for filing claims against said estate had not then elapsed, but that complainants neglected to file and prove and have said balance of said note allowed against the estate of said Spencer, and never informed said William of such failure until long after the expiration of the two years allowed for filing claims against said estate. Said answer further alleged, that at the time of the execution of the deed to said Davidson it was not suspected by William Norvell that complainants pretended to have any claim against him on account of said note, or otherwise, and that the consideration for said deed was good and valid and for an honest and legitimate purpose, namely, to provide for the support and maintenance of said William during his declining years.

The cause was submitted to the circuit court upon bill, answer, replication and proofs, and a decree entered finding that the equities of the case were with the complainant; that the allegations of the bill were true; that the deed to Davidson was fraudulent and void as to the complainant; that $965.05 was due complainant, and that the same was and is a lien on

the lands described in said deed. The decree ordered payment of said amount, with interest and costs, and that in default of payment said lands be sold by the master in chancery, etc.

It is claimed that the decree was erroneous because William Norvell was not, in equity, indebted to defendant in error, and for the reason that by the failure of the latter and his then co-executor to probate the note against the estate of Spencer Norvell, said William Norvell was injured by just the amount of the judgment recovered on the note, and that the damages occasioned by such injury must be made good before relief can be obtained in this case. The time for filing claims against the estate of Spencer Norvell expired on February 13, 1881, and the suit against William Norvell to recover the amount remaining due and unpaid on the note was not brought until September 5, 1881, and judgment was not obtained in said suit until September 19, 1881. If the agreement to probate the note against the estate of Spencer Norvell could be regarded as a release of William Norvell, then it should have been interposed as a defense in the suit at law brought on the note. The judgment at law settled the fact of the continued existence of the debt, and also the amount of the indebtedness. When William Norvell paid one-half of the amount due on the note, and the suit then pending against him was dismissed, it was expressly stated by the executors that they could not and would not release him from the note. Plaintiff in error seems to concede that there was no release which could have been pleaded in the second suit brought on the note, but their claim is, that there was a confessed failure to keep the agreement to probate the note against the estate of the other maker, whereby an injury was sustained, which is a complete answer, in equity, to the judgment that was afterwards recovered. We do not clearly understand upon what principle of equity jurisprudence this contention is based. But however this may be, the agreement here relied on as the basis of the supposed right was a mere *nudum pactum*, without any considera-

10—143 Ill.

tion to support it, and therefore of no binding force. William Norvell, it is true, paid one-half of the amount due as principal and interest on the note; but that he was already legally bound to do by his contract, and he was also equally bound to pay the other moiety also, so there was no consideration for the promise to probate. And William Norvell had no right to rely on the mere naked promise of the executors, and in the exercise of common prudence should have taken the steps necessary to protect his own interests in the premises as against the estate of Spencer Norvell.

It is urged that the fraud charged in the bill of complaint, that the deed was made with the intent to hinder and delay the complainants in the collection of their debt, was absolutely and conclusively disproved by the testimony. It must be admitted that the evidence seems to show plainly enough that there was no fraud in fact on the part of either William Norvell or plaintiff in error, and that said Norvell, at the time he executed the deed, supposed that the note had been probated against and paid by the estate of his deceased brother, and did not suspect that complainants then had, or pretended to have, any legal demand against him. But this does not cover the full case made by the bill. The debt against Norvell in fact existed. By the deed he conveyed substantially all of the property that he owned. He retained no property with which to pay his debt to complainants. The only consideration that he received for the land conveyed was the bond of plaintiff in error and her husband to keep, care for, support and maintain said Norvell during his natural life. This was a fraud in law, even though no fraud was in fact intended. One can not transfer his property in consideration of an obligation for support for life, unless he retains so much as is necessary to satisfy existing debts. (*Annis* v. *Bonar*, 86 Ill. 128; *Moore* v. *Wood*, 100 id. 451.) In such case the fraudulent intention to hinder and delay creditors in the collection of their debts follows necessarily as a conclusion of law,

wholly regardless of what the parties to the transaction in fact intended.

One of the errors assigned on the record is this: that the circuit court erred in declaring and holding that the judgment mentioned in the bill in this cause, and which was rendered on September 19, 1881, was a lien on December 16, 1889, upon the lands described in the decree. Section 1 of chapter 77 of the Revised Statutes provides that a judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, situate within the county for which the court is held, from the time the same is rendered or revived, for the period of seven years, and no longer; and section 6 of said chapter provides: "No execution shall issue upon any judgment after the expiration of seven years from the time the same becomes a lien, except upon the revival of the same by *scire facias;* but real estate levied upon within said seven years may be sold upon a *venditio rei exponas,* at any time within one year after the expiration of said seven years."

Where statutes prescribe the time during which judgments shall have the force of liens on the lands of judgment debtors, one who has neglected to enforce his judgment lien in proper time will not, in equity, be relieved from the consequences of his neglect. (Freeman on Judgments, sec. 395.) The judgment against William Norvell was rendered on the 19th day of September, 1881. Execution was issued thereon on November 3, 1881. The present bill in equity was exhibited on the 7th day of February, 1883, and the summons issued in the cause served on the defendant on the 9th day of February, 1883. The statutory lien on the lands of William Norvell expired in September, 1888, and the decree herein was not rendered until the 16th day of December, 1889. It is manifest that under any theory of the bill of complaint that can be entertained or suggested it was filed in due and ample time. The decree, however, was not rendered until more than fifteen

months had elapsed after the lien of the judgment at law had terminated by limitation of statute, and until more than three months had passed after the expiration of the time within which the statute permitted a sale to be made upon a levy perfected within the seven years' limitation. If the bill was properly to be regarded as simply a bill for the enforcement of the statutory lien of the judgment at law on the lands of the judgment debtor, then it would be necessary here to determine whether the failure of defendant in error to obtain a final decree until more than eight years and three months after the rendition of said judgment, would preclude him from obtaining a valid decree for the sale of the lands in satisfaction of said judgment. But in the view we take of the case that question does not arise.

The statutory lien is on the real estate of or belonging to the person against whom the judgment is recovered. Here, William Norvell, some six months prior to the rendition of the judgment, in consideration of future support and maintenance, conveyed the lands to plaintiff in error by a deed of conveyance which was valid as between the parties. In *Miller* v. *Sherry*, 2 Wall. 237, Miller had made a fraudulant conveyance of a house and lots to one Williams, and the court said: "The judgment obtained by Mills & Bliss was the elder one, but it was subsequent to the conveyance from Miller to Williams. It is not contended that the judgment was a lien on the premises. The legal title having passed from the judgment debtor before its rendition, by a deed valid as between him and his grantee, it could not have that effect by operation of law. The questions to be considered arise wholly out of the chancery proceedings. The filing of a creditor's bill and the service of process create a lien in equity upon the effects of the judgment debtor. It has been aptly termed an equitable levy." In *Lyon* v. *Robbins*, 46 Ill. 276, the matter of the same property was before this court, and it was there said: "The deed of Miller to Williams was not void, but only void-

able. It vested the title in the grantee subject to be divested by the action of creditors. It was valid as against Miller, and a conveyance by Williams to an innocent purchaser, for a valuable consideration, would have been valid as against all persons. There was then, at the time these judgments were rendered, no estate in Miller to which their liens attached in the order of their rendition, and although the judgment of plaintiffs in error was junior in date to that of the defendants, yet the former having set aside the title of Williams, subjected the premises to sale and obtained a master's deed before the defendants made any movement in this direction, it would now be very inequitable to permit the defendants to come forward and sweep away the fruits of their superior diligence." And in *Rappleye* v. *International Bank,* 93 Ill. 396, it was also held by this court that a judgment is no lien on lands fraudulently conveyed by the debtor before the judgment was recovered, and that the debtor in such case has no equitable or legal title upon which a lien can attach.

In a case where the plaintiff has no lien on the property sought to be reached, it is the filing of the bill in equity, after the return of the execution at law, which gives to the plaintiff a specific lien. (*Edgell* v. *Haywood,* 3 Atk. Rep. 357; *Beck* v. *Burdett,* 1 Paige, 305.) In *Gilford and Anderson* v. *Burnham and Ewell,* 7 Dana, 109, it was held that a suit in chancery being instituted to subject land fraudulently conveyed to the satisfaction of a judgment, the *lis pendens* is an equitable levy, and secures a lien to the complainant. And *Miller* v. *Sherry, supra,* is to like effect.

Although some of the averments contained in the bill at bar seem to indicate a claim on the part of the complainants in the bill that their judgment at law was a lien on the lands described in the bill, yet it fully appears from the facts alleged therein that such claim was not well grounded, and that several months prior to the rendition of the judgment the person against whom it was recovered had sold and conveyed said

lands to plaintiff in error by a deed which was valid as between the grantor and grantee. But although defendant in error had no judgment lien on the land by virtue of the statute, yet when he exhibited his bill in chancery to impeach the conveyance that had been made, and obtained service on the defendants to the bill, the *lis pendens* was an equitable levy and created an equitable lien on the lands; and it is wholly unimportant that the final decree establishing the lien and ordering a sale was not rendered until long after the judgment at law had ceased to be a lien, by force of the statute, upon the real estate of the judgment debtor.

The decree directing, in default of payment of the amount found due, a sale by the master in chancery, was not erroneous because that was not the specific relief asked for in the bill. The bill also contained a prayer for general relief, and under that prayer the court could probably decree any relief that was consistent with and justified by the facts alleged in the bill.

Great reliance is placed by plaintiff in error, in her brief and argument, upon the case of *Newman* v. *Willetts*, 52 Ill. 98. In the late case of *Bennett* v. *Stout*, 98 Ill. 47, this court, in speaking of *Newman* v. *Willetts* said: "In that case there was no execution on the judgment within a year after its rendition, and an execution was issued without reviving the judgment, and it was to aid this unauthorized execution that bill was filed, and all that was there said about a lien was in reference to that state of facts, and was intended to be no more comprehensive. To hold that equity would afford no relief except in cases where the judgment had become a lien on the real estate at the time of the sale, would virtually repeal the statute. But few sales are made to defraud creditors after their claims have become a lien."

We find in the record no sufficient cause for disturbing the decree. It is affirmed.

*Decree affirmed.*