J. E. DUVAL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26559. Promulgated January 23, 1931.

*George E. H. Goodner, Esq.*, for the petitioner.
*J. A. Lyons, Esq.*, for the respondent.

OPINION.

TRAMMELL: We think that there is no merit in the petitioner's contention as to the unconstitutionality of section 280 of the Revenue Act of 1926. *Henry Cappellini et al*, 14 B. T. A. 1269; *Phillips* v. *Commissioner*, 42 Fed. (2d) 177; *Routzahn* v. *Tyroler*, 36 Fed. (2d) 208; certiorari denied, 281 U. S. 734.

The question of the statute of limitations was waived by the petitioner in his brief.

On the question of the right of the Commissioner to assess against the petitioner any interest or penalties which accrued upon the assess-

ment against the said dissolved corporation, this record does not present any facts showing that the Commissioner has undertaken to assess or collect any penalties. On the question of interest, section 280 (a) provides that the " amounts of the following liabilities shall * * * be assessed, collected and paid * * *."

Section 280 (a) (1) provides " The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax."

We think that the above quoted provisions of the statute are sufficient to warrant the collection of any interest or other additions to the tax which were legally imposed upon the taxpayer and we think there is no merit in this contention of the petitioner.

The petitioner also contends that the determination by the Board of the tax liability of the taxpayer corporation is not binding upon this petitioner as transferee and seeks a reduction of the transferor's tax liability. He says that the Board was without jurisdiction to determine the issues presented in that proceeding, upon the ground that the letter upon which the taxpayer appealed was not a deficiency notice. On this question, however, in the proceeding of the taxpayer corporation the parties stipulated as we have set out in the findings of fact above. The jurisdiction thus appears not only on the face of the proceedings, but is established as a fact by stipulation of the parties adopted by the Board. While the Board is a tribunal of limited and special jurisdiction and its jurisdiction must affirmatively appear, in our opinion, when as here its jurisdiction appears in the pleadings, supported by stipulated facts adopted by it, its decision can not be collaterally attacked. See *Comstock* v. *Crawford*, 3 Wall. 396. The proceedings in the former hearing were offered in evidence by the petitioner, and he relies on those facts found therein which do not appear to be less favorable to him in this proceeding, and asks us to adopt in this proceeding certain of the facts found in the former proceeding, but has offered certain evidence and argument to show that certain stipulated facts in the former case are not true and that a different conclusion should have been reached in that case.

In our opinion, the determination of the tax liability of the transferor corporation is binding upon this petitioner as transferee, *Jahncke Service, Inc.*, 20 B. T. A. 837, and he may not now raise other issues which affect that tax liability already determined.

While the taxpayer corporation did not have a right to appeal from a decision of the Board in that case, it did have a right to institute a proceeding in court if it were dissatisfied with the decision of the Board.

On the question of the liability of the petitioner as transferee, we think that, when there is undisputed evidence showing the dissolution of the corporation, the amount of stock owned by the petitioner, the net value of the assets as shown by the books, and the continuation of the business formerly carried on by the corporation by the petitioner as an individual, we are warranted in holding that there is sufficient evidence to satisfy the requirements of the statute as to the burden of proof upon the respondent and that the respondent has thus made a prima facie case. If the assets were not worth the amounts shown by the books as being their net value, the petitioner after the above showing should have introduced evidence to the contrary. Certainly the book value of assets is some evidence and if there is no other evidence introduced we are warranted in basing our finding upon the uncontradicted evidence before us. In any event, the evidence in the record convinces us that the assets received by the petitioner as transferee on the dissolution of the corporation were at least equal in value to the liability asserted against him by the respondent.

*Judgment will be entered for the respondent.*