## COMMISSIONER OF INTERNAL REVENUE v. GERARD.
### No. 7528.

Circuit Court of Appeals, Ninth Circuit.
June 17, 1935.

For former opinion, see 75 F.(2d) 542.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and S. Dee Hanson, Sp. Asst. to Atty. Gen., for petitioner.

C. W. Hobson, Jno. A. Fleming, Geo. Bouchard, R. L. Alderman, Jno. B. Milliken, and Geo. Koster, all of Los Angeles, Cal., for respondent.

Before WILBUR and GARRECHT, Circuit Judges, and CAVANAH, District Judge.

CAVANAH, District Judge.

The petition for rehearing of respondent requests consideration of two questions disposed of in the original opinion relative to the liability of respondent as transferee to the extent of $1.70 per unit distributed to him by Barham Well Association and whether the court disposed of the statute of limitations issue involved in the case.

As to the first question, that respondent is liable as transferee to the extent of $1.70 per unit distributed to him, the reasons presented in the petition are the same which were urged in respondent's brief and upon argument when the case was presented and were fully considered and disposed of in the original opinion, and upon further consideration of it we can see no reason why the conclusion reached by the court in that respect should be different.

The second question of the statute of limitations issue and which respondent urges a reconsideration and an order be made remanding the case to the Board of Tax Appeals for further consideration to determine that issue for the reason that the question was not discussed in the original opinion or decided by the Board of Tax Appeals, it was thought that the tax imposed was assessed within the time required by the Revenue Act 1926, as section 277 (a), 26 USCA § 1057 note, provides that the tax shall be assessed within four years after the return is filed, and section 280 (b) (26 USCA § 1069) provides a period of limitation for assessment of liability of transferee shall be within one year after the expiration of the period of limitation for assessment against the taxpayer, but upon a reconsideration of the steps taken by the Commissioner when in making the assessment involved, the record discloses that Barham Well No. 1, filed its 1923 return on March 15, 1924. On February 24, 1928, the Commissioner mailed his 60-day letter. On June 10, 1929, the 60-day deficiency letter was sent by the Commissioner to Erle Gerard as transferee of Barham Well No. 1. The tax was assessed on May 12, 1928. Deficiency notice was mailed to respondent as transferee on June 10, 1929. The period of limitations may, under section 277 (b), 26 USCA § 1057, note, "be suspended for the period during which the commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for 60 days thereafter." It is obvious that under these provisions of the Revenue Act the Commissioner was prohibited from making any assessment of taxes for the period of 60 days from February 24, 1928, the date of the deficiency letter addressed to Barham Well No. 1, and was allowed an additional 60-day period after the expiration of the 60 days allowed in the deficiency letter within which to make the assessment of the taxes proposed in the deficiency letter.

The Commissioner contends that the deficiency letter of February 24, 1928, addressed to Barham Well No. 1, the transferor, operates to effect a like extension of time for assessment against transferees, and that the notice of liability sent to the transferees on June 10, 1929, were within a year after the expiration of the period of limitation for assessment against Barham Well No. 1, and the respondent contends as the assessment was made against Barham Well No. 1, the taxpayer, on May 12, 1928, it follows that the period of limitation against the taxpayer expired on that date and the notice of liability to the transferees of June 10, 1929, were not within the year, and therefore the period of limitation for the determination of any deficiency against the transferees expired on May 12, 1929, one year after the period of limitation for assessment of Barham Well No. 1, taxpayer. The statute of limitations for making the assessment would have expired four years after the return was filed, that is, March 15, 1928. The deficiency letter of February 24, 1928, sus-

pended the running of the period for the making of the assessment for 120 days; consequently, the deficiency notice of June 10, 1929 was within the period of limitation. The fact that the assessment of the transferor was actually made on May 12, 1928, is immaterial, for the period of limitation to the transferor does not begin to run with the assessment, but with the expiration of the statutory period in which the assessment might be made against the transferor. Petition for rehearing of respondent denied.

As the questions urged in the petition for rehearing of the Commissioner of Internal Revenue are disposed of in the original opinion and this opinion, and no reason appears why a different conclusion should be reached, the petition for rehearing, of the Commissioner of Internal Revenue, is denied.