## FIRST NAT. BANK OF CHICAGO et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7185.

Circuit Court of Appeals, Seventh Circuit.

May 13, 1940.

Rehearing Denied June 11, 1940.

Herbert Pope, Benjamin M. Price, and Francis H. Uriell, all of Chicago, Ill., for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Warren F. Wattles, J. P. Wenchel, and John M. Morawski, Sp. Assts. to Atty. Gen., for respondent.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioners seek reversal of a decision of the Board of Tax Appeals confirming an assessment against them as transferees of George C. Rew for additional tax in the amount of $75,478.47, assessed upon Rew's income for the period from January 1, 1924, to June 10, 1924.

On March 10, 1924, Rew conveyed to petitioners as trustees all of his assets, reserving to himself for life the income and power to revoke. He died testate, without property, on June 10, 1924. His executors, on or about October 8, 1924, filed an income tax return on his behalf for the taxable period, January 1, 1924, to June 10, 1924. On September 11, 1928, the Collector gave them final notice of determination of deficiency in the testator's income tax for the period mentioned. The executors, in November, 1928, petitioned the Board to redetermine the liability, and upon review on June 5, 1936, the Board entered an order deciding that there was a deficiency as asserted by the commissioner, and an assessment was made against the executors therefor, which has never been paid. Upon review the decision of the Board was affirmed by this court. Stanton v. Commissioner, 7 Cir., 98 F.2d 739. Petition for certiorari was denied December 5, 1938, 305 U.S. 650, 59 S.Ct. 243, 83 L.Ed. 421.

We now approach the issue in the present case, in which the Board has held petitioners liable as transferees for the assessment previously made against Rew's estate. Notice of deficiency was mailed June 23, 1937, to the trustees as transferees, informing them of determination of the deficiency for the period as aforesaid and its assessment against the trust as transferee of the deceased taxpayer. Upon review, the Board sustained the deficiency and that decision the trustees seek to reverse.

It is first insisted by petitioners that the Statute of Limitations bars assessment against the transferees, on the ground that the proceeding against the estate of Rew was of no avail as a suspension of the running of the Statute of Limitations against an assessment upon the trust. It becomes essential, therefore, to examine the statutes

Under Section 277 of the Revenue Act of 1926, assessment against a taxpayer must be made within four years after the return is filed. Under Section 280(c) if the taxpayer is deceased, the period of limitation for assessment is the same as if he had not died, and by paragraph (b) of the same section, the period of limitation prescribed for assessment of liability of a transferee is extended one year from the expiration of the period of limitation for assessment against the taxpayer. Under Section 281(a) the executors, upon qualification, so far as liability of Rew for income tax was concerned, assumed the power, rights, duties and privileges of the taxpayer. By Section 277 paragraph (b), the running of the Statute of Limitations is suspended for the period during which the commissioner is prohibited from making the assessment and pending any proceeding for final determination in court or before the Board and for sixty days after final decision therein. 26 U.S.C.A.Int.Rev.Acts, pp. 207, 213, 214.

It is the position of the government that the proceeding initiated by the executors, throughout its pendency, suspended the running of the statute so far as the liability of the transferees was concerned. Petitioners insist that the proceedings were of no such avail but that on the contrary, the commissioner was bound to determine any deficiency as against them within the statutory period of five years from the date of the return of the executors, as provided in Section 280(b) and (c), and that, having failed to do so within that period, he is now barred. If the government's premise is correct, the deficiency notice to the transferee was within the suspended period.

In Sanborn v. Helvering, 8 Cir., 108 F.2d 311, the court was confronted by a situation similar to the one presented here, the only difference being that in the Sanborn case the assets were transferred by the executors of the will after the death of decedent, in pursuance of a testamentary provision, whereas in the present case, the assets were transferred by the decedent prior to his death. The court there sustained the contention of the government that the pendency of proceedings between the executors and the commissioner suspended the Statute of Limitations against assessment of deficiency against the transferees. In Commissioner v. Gerard, 9 Cir., 78 F.2d 485, the court held that the suspension of the running of the statute as to a demand against the taxpayer operated to suspend, for the same period, the Statute of Limitations as to assessments against the transferee. To the same effect are American Equitable Assur. Co. of New York v. Helvering, 2 Cir., 68 F.2d 46; California Iron Yards Corp. v. Commissioner, 9 Cir., 82 F.2d 776; certiorari denied, 299 U.S. 553, 57 S.Ct. 15, 81 L.Ed. 407; Continental Oil Co. v. United States, Ct.Cl., 14 F.Supp. 533, certiorari denied, 301 U.S. 694, 57 S.Ct. 921, 81 L.Ed. 1349. We agree with the reasoning of these cases and in the conclusion that suspension of the statute as against the transferor works a suspension of the statute as to the transferees, and, as held in the Sanborn case, that the suspension of the statute as to liability asserted against the executors works likewise a suspension of the statute as to the transferees. We see no distinction in legal effect between a transfer made by a decedent before his death and one made after his death in pursuance of his testamentary provision. The executor is the fiduciary of the decedent. Under the pertinent federal act, he assumes the obligations of and succeeds to the privileges of his decedent. If the transferor remains alive and contests an assessment, the statute is suspended as to actions against the transferee during the pendency of such proceedings. When the decedent dies and an executor assumes his obligation and succeeds to his privileges, it is the same as if the decedent himself were acting. The transferee's relationship to the decedent and that to the latter's executor are

exactly the same. The recognized suspension as to the transferee, in case the transferor remains alive, is not affected by the death of the decedent and the appointment of a legal agent to act for him. We agree with the Board that the Statute of Limitations was no bar to the assessment.

The parties disagree also as to the effect of the decision of this court in the executors' case, the petitioners insisting that they as transferees are not in privity with the estate of the decedent and, therefore, not bound by the judgment against the executors and the government contending that such privity exists and that the fixing of the liability against the estate fixed it also against the property in the hands of the trust.

In considering this question, we cannot rely entirely upon the ordinary rules governing privity of parties or of estates. On the contrary, we must keep in mind the theory of income taxation as reflected by the controlling legislation. Congress has seen fit, in order to prevent evasion of taxes, to fix a tax liability not only upon the transferor of property but, in case of his inability or failure to pay, likewise upon assets transferred by him.

It is intended by the statute that the commissioner shall pursue the liability against the property of the taxpayer whether retained by the latter or transferred gratuitously by him to others. There is in this situation privity of title to the assets transferred and now sought to be reached by virtue of the statute. The presence of the executors need not confuse us. They are, for the purpose of determination, the transferor himself,—they are merely the voice of one who can no longer speak for himself and speak only for him and in his behalf. The transferee's rights remain the same as they would have been had the decedent remained alive. The executors are not the source of title in any event,— they are mere conduits. Consequently it matters not that the property passed from the decedent and not from the executors. The latter have litigated to a conclusion the question of liability of the decedent and that decision is binding upon the gratuitous transferees of the decedent. In re Wolf Mfg. Industries, 7 Cir., 56 F.2d 64, this court considered one phase of the present question. The taxpayer had prosecuted an appeal to the Board which had found a deficiency and the claim against the transferee, based upon this decision, was upheld.

This court said the government, having established the legal liability of the corporation, was entitled to file and have allowed as against the transferee the claim established against the transferor. The reasoning in Sanborn v. Helvering, supra, leads to the same conclusion. We are not persuaded that the transferee may relitigate the tax liability fixed against his transferor; the transferee is bound by all that was decided and all that might have been decided in the prior litigation.

It is our thought that a judgment against a transferor for taxes, without fraud or collusion, in a court having jurisdiction over the subject matter and the parties, may, consistently with due process of law, be treated as concluding the transferee respecting the existence and amount of indebtedness so adjudged. True, before the property he holds may be taken in satisfaction of the statutory indebtedness, he is entitled upon the most fundamental principles to his day in court and a hearing upon the question as to whether the judgment is void or voidable for want of jurisdiction or fraud and, of course, he has a right, for the same reason, to show that he has not received property as transferee sufficient to discharge the liability. Coe v. Armour Fertilizer Works, 237 U.S. 413, 35 S.Ct. 625, 59 L.Ed. 1027. Here no question is raised as to these matters. It is plain that the former litigation was without collusion or fraud or that the transferees have no other personal defenses. Rather they have received property from the decedent, charged with notice that under the federal law, if there is a deficiency in the income tax of the transferor, that deficiency, when fixed and determined, will be chargeable against his assets whether in his or his executor's hands or transferred to them. To this extent they are in privity in succession of title. They took the property of the decedent subject to the statutory liability and, that being fixed, in the absence of fraud, collusion or lack of jurisdiction, they are bound by the determination. There are many decisions of the Board in line with this reasoning. Jahncke Service, Inc. v. Com'r, 20 B.T.A. 837, appeal dismissed by 5 Cir., 112 F.2d 169; J. E. Duval v. Com'r, 21 B.T.A. 1357, petition for review denied, 5 Cir., 57 F.2d 496. The Board has applied the rule both ways, holding that if no deficiency is established against the transferor, the commissioner may not assert liability

against the transferee. N. Carney v. Com'r, 22 B.T.A. 721. See, also, Isaac M. Green, v. Com'r, 26 B.T.A. 719.

The reasoning back of our conclusion accords with that abiding generally in supplementary proceedings by creditors to reach property conveyed by a debtor, such as the proverbial creditor's bill. When a judgment has been rendered by a court having jurisdiction of the parties it is not open to contradiction or impeachment in respect to its validity, verity, or binding effect in a creditor's suit based thereon. 15 C.J. page 1410. Personal defenses which might have been pleaded are thereupon barred, not only against the judgment debtor, but also as to his fraudulent or voluntary grantee, and the latter is precluded from setting up any defense that might have been interposed in the suit in which judgment was rendered. Davidson v. Burke, 143 Ill. 139, 32 N.E. 514, 36 Am.St.Rep. 367; McMannomy v. Chicago, D. & V. R. R. Co., 167 Ill. 497 at 503, 47 N.E. 712; Sawyer et al. v. Moyer et al., 109 Ill. 461 at 464; Newman v. Willitts, 60 Ill. 519 at 521; Singer v. Hutchinson, 183 Ill. 606, 56 N.E. 388, 75 Am.St.Rep. 133; Fitzpatrick v. Rutter, 160 Ill. 282, 43 N.E. 392; Eichler v. Hoeft, 163 Ill.App. 166; Mattingly v. Nye, 8 Wall. 370, 19 L.Ed. 380; Alkire Grocery Co. v. Richesin, C.C., 91 F. 79, 84; New Orleans v. Fisher, 5 Cir., 91 F. 574, 584; Anderson v. Hultberg, 8 Cir., 247 F. 273, 277.

The decision is affirmed.