First National Bank of Marissa, Illinois, Appellee, and Lena Heintz et al., Appellees, v. Charles Heintz, Sr., Appellant.

Opinion filed October 30, 1943.

KARNS & BANDY, of East St. Louis, for appellant.

HOUSE & HOUSE, of Nashville, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from that part of a decree of the circuit court of St. Clair county which held that the judgment of Oakdale State Bank, one of the appellees (hereinafter called "The Bank"), was a third lien against the mortgaged premises of appellant, Charles Heintz, Sr. (hereinafter called defendant).

The facts disclose that the Bank recovered its judgment against defendant in the circuit court of St. Clair county on July 11, 1941. Appellant was adjudicated a bankrupt on July 25, 1941 and was discharged in bankruptcy on September 22, 1941. At the time of the filing of the petition in bankruptcy the defendant owned certain real estate, which was subject to a mortgage. On November 19, 1941, the holder of the mortgage filed its complaint to foreclose the mortgage and named as a defendant, the Oakdale State Bank, as a judgment creditor. The Bank filed an answer setting up the allegations relating to its judgment. The master in chancery, before whom the evidence was taken, held that a mechanic's lien was a first lien upon the mortgaged premises and that certain other judgments were second liens, and that the judgment of the Oakdale State Bank was a third lien thereon. Objections were filed by defendant to those findings, which were overruled, and exceptions relating thereto were, likewise, overruled in the circuit court. A decree was entered in the circuit court on November 24, 1942 holding that the mechanic's lien and judgments were liens against the mortgaged real estate, inferior to the mortgage lien, and directing the master in chancery to sell the premises and marshal the proceeds of the sale.

On sale the premises brought a sufficient amount to pay the mortgage lien and the mechanic's lien, and left a balance of $898.67, which was ordered paid to the defendant to apply on his homestead exemptions. The only part of the final decree appealed from in this proceeding is that part which holds that the Oakdale State Bank judgment constitutes a third lien against the mortgaged premises.

The sole contention of the defendant appellant is that the lien of such judgment was lost by the judgment creditor by reason of failure to have execution issued on the judgment within one year of its entry, even though the judgment debtor and judgment creditor were parties to a suit filed and at issue within one year from the date of the judgment, wherein one of the issues of such suit was whether the judgment constituted a lien against the real estate involved in the proceedings. The contention of the defendant is based upon the statutory provisions of Ill. Rev. Stat. 1941, ch. 77, sec. 1 [Jones Ill. Stats. Ann. 107.151], which provides that when execution is not issued on a judgment within one year from the time the same becomes a lien, it shall thereafter cease to be a lien.

In the case of *Davidson v. Burke,* 143 Ill. 139, it was stated by the court (at page 150), ". . . although defendant in error had no judgment lien on the land by virtue of the statute . . . the *lis pendens* was an equitable levy and created an equitable lien on the lands; and it is wholly unimportant that the final decree establishing the lien and ordering a sale was not rendered until long after the judgment at law had ceased to be a lien, by force of the statute, upon the real estate of the judgment debtor." It is obvious that the filing of the foreclosure suit during the period of a year clearly makes the doctrine of *"lis pendens"* applicable, and the pendency of that action was sufficient to create an equitable lien on the lands, insofar as the

judgment creditor was concerned. The decree of the circuit court which held that such judgment was a third lien against the mortgaged premises was obviously correct, and it will, accordingly, be affirmed.

*Affirmed.*