ESTATE OF SAMUEL TAYLOR, DECEASED, GERTRUDE M. TAYLOR, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Taylor v. Commissioner
Docket No. 3019-76.
United States Tax Court
T.C. Memo 1980-426; 1980 Tax Ct. Memo LEXIS 154; 41 T.C.M. (CCH) 44; T.C.M. (RIA) 80426; September 25, 1980, Filed *154 During calendar years 1967 through 1970, transferor corporation paid to petitioner, or paid on behalf of petitioner, assets with a fair market value in excess of the tax deficiency and additions to tax owed by the corporation. Held: Under section 6901(a), I.R.C. of 1954, petitioner is liable as transferee of the assets of the corporation for all taxes and additions to tax previously found to be owed by the corporation. Marion Westen, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on January 16, 1976, issued a statutory notice in which he *155 determined petitioner's liability as a transferee for Federal income taxes and additions to tax, plus interest as provided by law, as follows: Addition to Tax
Year Ended
Deficiency
under Sec. 6653(b)
Dec. 31, 1967
$48,426.53
$24,213.27
Dec. 31, 1968
232.43
116.22
Dec. 31, 1969
1,237.70
618.85
Dec. 31, 1970
8,895.41
4,447.71
$58,792.07
$29,396.05
The above stated amounts are the precise amounts determined by this Court to be due from Independence Hall, Inc. The sole issue for our decision here is whether petitioner is liable as transferee for said income taxes and additions thereto due from Independence Hall, Inc., plus interest as provided by law. FINDINGS OF FACT Petitioner (herein "petitioner" will refer either to the decedent, Samuel Taylor, or to the Estate of Samuel Taylor) resided in Marathon, Florida at the time the petition herein was filed. During the taxable years 1967 through 1970, petitioner was a 60 percent shareholder and president of Independence Hall, Inc. (or transferor). Petitioner's two sons each owned 20 percent of the stock of the corporation. Independence Hall, Inc. was a cash basis, calendar year corporation *156 having its principal place of business in Palm Beach, Florida. It was engaged in the business of conducting puzzle contests for which entry fees were charged. On May 17, 1973, this Court entered a decision pursuant to an agreement between Independence Hall, Inc. and the Internal Revenue Service pertaining to deficiencies in taxes due from Independence Hall, Inc. for the taxable years 1967 to 1970. In addition, a 50 percent addition to tax for fraudulent underpayment was found to be applicable under section 6653(b), I.R.C. of 1954. Such deficiencies and additions to tax due from the transferor were assessed in 1973 but were never paid. During each of the taxable years in issue, transferor paid to petitioner, or on behalf of petitioner, assets with the fair market value as follows: Taxable Year Ended December 31, 1967
Item
Value
Rental payments on petitioner's apartment
$ 1,833.00
Color television set for petitioner's
463.00
personal use
Repairs to petitioner's personal automobile
240.50
Petitioner's personal travel expenses
542.17
Gasoline and maintenance expenses for petitioner's
191.47
personal automobile
Checks from transferor to petitioner
1,150.00
Payments to an individual, Mr. Kucera, for the
2,000.00
benefit of petitioner's friend, Miss Winona Hunt.
Miss Hunt repaid money to petitioner, who used
the repayment for his personal benefit
Depsits of transferor's business receipts into
34,711.00
petitioner's personal account
Unidentified deposits into petitioner's account
7,210.49
that cannot otherwise be explained
Stocks purchased in petitioner's name
12,000.00
Deposit in petitioner's checking account by
19,000.00
way of Claude Vidal of Canada, a purported
"winner" of one of transferor's contests
Deposit in petitioner's checking account by way
4,800.00
of Lorraine Pigeon of Canada, a purported
"winner" of one of transferor's contests
$84,141.63
Taxable Year Ended December 31, 1968
Checks drawn by petitioner on transferror's
$ 1,005.00
account and made payable to petitioner
for personal expenses
Petitioner's personal travel expenses
93.45
Gasoline and maintenance expenses for
347.38
petitioner's personal automobile
$ 1,445.83
Taxable Year Ended December 31, 1969
Checks drawn by petitioner on transferor's
$ 455.00
account and made payable to petitioner
for personal expenses
Gasoline and maintenance expenses for
472.09
petitioner's personal automobile
$ 927.09
Taxable Year Ended December 31, 1970
Check drawn by petitioner on transferor's
$ 300.00
account and made payable to petitioner
for personal expenses
Petitioner's personal travel expenses
489.00
Payment of petitioner's personal life and
158.79
automobile insurance premiums
Deposits of income of transferor into
4,835.76
petitioner's personal account
Bank draft for petitioner's personal use
2,000.00
Sham loans to petitioners that were never
18,694.15
repaid
$26,477.70
*157 Thus, over the 4 years in issue transferor transfered to petitioner, or paid on petitioner's behalf, assets with a value of $112,992.25. The expenses of the petitioner, which were paid by the corporation, were incurred by petitioner for purely personal reasons. Further, there was no business purpose for the corporation's payment of these expenses. Allegations by respondent of additional transfers to the decedent were not adequately substantiated. By reason of these transfers, transferor was left with only a few hundred dollars and was incapable of paying deficiencies and additions to tax for the taxable years 1967 to 1970, plus statutory interest thereon. We have noted that on January 16, 1976 respondent asserted a deficiency against petitioner as transferee of the assets of Independence Hall, Inc. Due to petitioner's illness a trial scheduled for early 1978 was delayed. Petitioner died on November 13, 1978. On May 14, 1979 Gertrude M. Taylor, his surviving spouse, acting as a personal representative of Mr. Taylor, was substituted as a party to the action herein. On a number of occasions in early 1980, she received notice that the case was to be called on June 2, 1980 in *158 Miami, Florida. Despite these notices, she failed to appear. OPINION Petitioner in this case was the recipient of virtually all of the assets of Independence Hall, Inc. The only issue is whether petitioner is liable under section 6901(a) as transferee. The amount of the deficiency and addition to tax was determined in our decision in Independence Hall Inc. v. Commissioner, docket no. 2239-72, decided without opinion (U.S. Tax Court May 17, 1973), which is conclusive here. [1]J.E. Duval v. Commissioner,21 B.T.A. 1357, 1359 (1931). Section 6901(a) empowers respondent to collect taxes from a transferee of property who is liable, in law or in equity, for the amount of taxes due from his transferor. [2] The burden of proof is on respondent to show that petitioner is liable as a transferee of property, but not to show that the transferor was liable for the tax itself. Section 6902(a); Rule 142(d), Tax Court Rules of Practice and Procedure. If such burden in carried, the transferee is liable for the transferor's taxes due, and for any *159 penalties and interest connected thereto, to the extent of assets received from the transferor. Papineau v. Commissioner,28 T.C. 54, 58 (1957). The existence and extent of transferee liability are determined by reference to the law of the state in which the transfer occurred--in this case, Florida. Commissioner v. Stern,357 U.S. 39, 45 (1958); Estate of Miller v. Commissioner,42 T.C. 593, 598 (1964). Under Florida law a conveyance is fraudulent if it is made without adequate consideration and with the intent *160 to delay, hinder or defraud creditors. Fla. Stat. Ann. sec. 726.01. Such conveyances may be set aside by creditors. See, e.g., Florida Fruit Canners, Inc. v. Walker,90 F.2d 753, 757 (5th Cir. 1937). Accordingly, in order for respondent to carry his burden of proof, he must show (1) that petitioner received assets of the transferor; (2) that the transfer was not made for adequate consideration; and (3) that the transferor was insolvent at the time of the transfer or was rendered insolvent by such transfer, or that the transfer was in fraud of creditors. See Kreps v. Commissioner,42 T.C. 660, 669 (1964), affd. 351 F.2d 1 (2d Cir. 1965). Respondent has put forth evidence to prove each of these points. First, the record shows that the transferor corporation transferred assets to petitioner or paid petitioner's personal expenses. The amount of such transfers was $112.992.25, which, in fact, is even in excess of the amount of the taxes and additions to tax owed by the transferor. Uncontroverted evidence submitted by respondent establishes both the fact of the transfers of assets to petitioner and the value of assets transferred. *161 Second, it is clear that petitioner did not pay adequate consideration for the benefits conferred upon him by the corporation. The Internal Revenue agent, who examined petitioner's and the transferor's returns, testified that he did not discover any payments by petitioner to the corporation. As we found the agent to be entirely credible, and petitioner failed to put forth any evidence of repayment to the corporation, we find that the transfers were not made for adequate consideration or any manner of quid pro quo between petitioner and transferor. Third, the transferor corporation was rendered insolvent by distribution of its assets to petitioner. Testimony of the examining agent indicates that, after all the transfers were made in favor of petitioner, "there was nothing left in the corporation but a few hundred dollars." Such amount is inconsequential in relation to the amount of taxes and additions to tax due. Clearly the taxes and additions thereto were non-collectible from the transferor. Furthermore, even if we were not to find that transferor was rendered insolvent, the transfers resulted in a fraud on the creditors. The Internal Revenue Service was a creditor of the *162 transferor at the time of the transfers. This creditor position is enjoyed by respondent even though the transferor's tax liability has not yet been determined. Papineau v. Commissioner,supra.Under Florida law voluntary conveyances between related parties without consideration are presumptively in fraud of creditors. Gyorok v. Davis,183 So.2d 701, 703 (Fla. 1966); McKeown v. Allen,20 So. 556, 557 (Fla. 1896). As the petitioner, here, has not put forth evidence to show that the conveyance was not fraudulent, we conclude that the transfers were made with the intent to hinder, delay or defraud respondent from collecting taxes and additions to tax for which the transferor was liable. We therefore conclude that respondent has established petitioner's liability under Florida law. As the amount of assets transferred to, or for the benefit of, petitioner exceeds the amount of the taxes and additions thereto due from Independence Hall, Inc., petitioner is liable under section 6901(a) for the full corporate liability, plus interest as provided by law. Decision will be entered under Rule 155.
Footnotes
1. Due to stipulation by the parties, written opinion did not accompany the entering of the decision in the above case.↩
2. Sec. 6901(a)(1) provides in pertinent part as follows: Sec. 6901. TRANSFERRED ASSETS. (a) Method of Collection.--The amounts of the following liabilities shall * * * be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred: (1) Income, estate and gift taxes.-- (A) Transferees.--The liability, at law or in equity, of a transferee of property-- (i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes), in respect of the tax imposed by subtitle A or B.↩