B. D. PHILLIPS, PETITIONER, ET AL.,* *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9300, 9301, 9302, 9303, 9304, 9305, 9306, 9307, 9309.

Promulgated October 20, 1948.

---

*Proceedings of the following petitioners are consolidated herewith: T. W. Phillips, Jr., Docket No. 9301; Thomas W. Phillips III, Docket No. 9302; Roger S. Phillips, Docket No.

*Sidney B. Gambill, Esq.*, and *Rolland L. Ehrman, Esq.*, for the petitioners.

*Stanley L. Drexler, Esq.*, for the respondent.

HILL, *Judge*: Reference is made to the preliminary hearing and report heretofore had and made in these proceedings, entitled *B. D. Phillips*, 8 T. C. 1286, and by such reference the entire report therein is hereby incorporated in this report. The issue is defined in such report and the findings and conclusions therein give direction to our present consideration of the ultimate question for decision, namely, whether the distributions in question to petitioners in 1941 by Pennsylvania Corporation were out of accumulated earnings and hence taxable in the hands of petitioners as such distributees.

The following excerpt from the former report serves to set forth clearly the issue involved, the factual situation out of which the issue arose, the ultimate question for decision, and the particular preliminary question considered in that hearing and determined in that report:

Respondent determined deficiencies in income tax as follows:

| Petitioner | Docket No. | Year | Deficiency |
|---|---|---|---|
| B. D. Phillips | 9300 | 1940 | $15, 946. 53 |
| | | 1941 | 39, 583. 18 |
| T. W. Phillips, Jr | 9301 | 1941 | 22, 965. 36 |
| Thomas W. Phillips III | 9302 | 1941 | 1, 207. 43 |
| Roger S. Phillips | 9303 | 1941 | 1, 239. 56 |
| Idell H. Phillips | 9304 | 1941 | 811. 52 |
| Margaret Phillips Succop | 9305 | 1941 | 1, 196. 37 |
| Estate of Alma J. S. Phillips, deceased | 9306 | 1941 | 3, 099. 66 |
| Estate of Undine C. Phillips, deceased | 9307 | 1941 | 918. 01 |
| Ruth Phillips Bisiker | 9309 | 1941 | 942. 70 |

9303; Idell H. Phillips, Docket No. 9304; Margaret Phillips Succop, Docket No. 9305; Estate of Alma J. S. Phillips, Deceased, Docket No. 9306; Estate of Undine C. Phillips, Deceased, Docket No. 9307; Ruth Phillips Bisiker, Docket No. 9309.

The deficiencies for 1941 result from respondent's determination that distributions which each of the petitioners received in 1941 from Pennsylvania Investment & Real Estate Corporation came from accumulated earnings or profits of the corporation so as to constitute dividends within the meaning of section 115 (a) of the Internal Revenue Code. The parties, however, have presented for decision a preliminary question involving the effect of a closing agreement under section 3760 of the Internal Revenue Code, covering income tax liability of Pennsylvania Investment & Real Estate Corporation for the years 1938 and 1939. Pennsylvania Investment & Real Estate Corporation acquired assets from another corporation, T. W. Phillips Gas & Oil Co., in 1928 pursuant to a tax-free reorganization. The one issue now to be decided, and it is common to all of the petitions, is whether the closing agreement covering the income tax liability of Pennsylvania Investment & Real Estate Corporation for the years 1938 and 1939 precludes an independent determination of the amount, if any, of the accumulated earnings or profits which the Pennsylvania Investment & Real Estate Corporation acquired from T. W. Phillips Gas & Oil Co., under the non-taxable reorganization in 1928.

The following excerpt from near the end of such report sets forth the conclusion reached by this Court on the preliminary question stated in the excerpt above:

* * * Our conclusion is that the closing agreement was not an agreement upon the fact of the existence or nonexistence of earnings carried over from Phillips Gas & Oil Co. under the doctrine of the *Sansome* case. It follows that the closing agreement does not preclude an independent determination of the amount, if any, of any accumulated earnings which Pennsylvania may have acquired from Phillips Gas & Oil Co. for purposes of determining 1941 tax liability.

In view of the fact that the ruling on the preliminary question indicated was adverse to petitioners, a further hearing was ordered, on motion of petitioners, for the purpose of affording opportunity to adduce such additional evidence as the parties might desire to offer in respect of the issue for decision. At the further hearing petitioners offered no evidence, but relied solely on the evidence submitted at the former hearing herein, and especially on the closing agreement admitted in evidence at the former hearing, to establish a prima facie case for the petitioners that Pennsylvania Corporation had no earnings or profits accumulated since 1913 from which the distributions here in question were made in 1941. It is conceded that Pennsylvania Corporation had no net earnings in the years 1940 and 1941 out of which any part of such distributions could have been made. It is obvious, therefore, that the sole question we now have for determination is whether the distributions here in question were made by Pennsylvania Corporation out of accumulated earnings and profits which it acquired from T. W. Phillips Gas & Oil Co. in 1928 pursuant to a tax-free reorganization, since such was the only source, if any, from which a distribution of taxable dividends could be made by Pennsylvania Corporation in 1941.

Respondent determined distributions here in question were 100 per cent taxable as dividends. A presumption of correctness obtains in respect of that determination in the absence of evidence to the contrary. No evidence negativing the correctness of respondent's determination was offered either in the hearing on the preliminary question or in the further hearing now under consideration. Petitioners contend that the closing agreement submitted in evidence at the former hearing is substantive evidence of the fact that at the end of the year 1939 Pennsylvania Corporation had no accumulated earnings and profits acquired from T. W. Phillips Gas & Oil Co. in a tax-free reorganization in 1928, or from any other source. Such contention is in direct opposition to our ruling on the preliminary question resolved in the former hearing. The effect of that ruling is that the closing agreement in question has no evidentiary force in respect of the existence or nonexistence of accumulated earnings and profits of the Pennsylvania Corporation in the tax year 1941, and consequently it has no evidentiary force in respect of whether the distributions here in question are taxable in the hands of the petitioners.

It follows that the presumption of correctness of respondent's determination of deficiency in income tax in respect of each of the petitioners, in so far as it is based on the respective distributions in question, has not been overcome, and that the determination of each such deficiency must be, and is hereby, approved.

It appearing that all other adjustments by respondent entering into the determination of the deficiency in each of the proceedings consolidated herein have been settled by concession or stipulation of the parties, the results thereof will be given effect in the recomputation under Rule 50.

In accordance with the directive set forth in the former report herein,

*Decisions will be entered under Rule 50.*