ESTATE OF JOHN J. MAGARIAN, DECEASED, SHIRLEY H. MAGARIAN, EXECUTRIX, AND SHIRLEY H. MAGARIAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 19438-89.　　　Filed July 2, 1991.

*Stephen A. Dennis,* for the petitioners.
*Steven A. Wilson,* for the respondent.

OPINION

NIMS, *Chief Judge:* Respondent determined additions to petitioners' Federal income tax and increased interest for the taxable year 1981 as follows:

1

| Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 | Sec. 6621(c) |
|---|---|---|---|
| $324 | [1] | $1,944 | [2] |

[1] 50 percent of the interest due on $6,480.
[2] 120 percent of the interest due on $6,480.

(Section references are to the Internal Revenue Code as amended and in effect for the year at issue.)

The sole issue to be decided is whether a closing agreement executed by the parties with respect to the taxable year 1981 bars respondent from determining additions to tax for 1981. If we decide that respondent is not precluded from determining the additions to tax, petitioners concede that they are liable for the full amount of the additions to tax as set forth in the notice of deficiency.

## Background

This case was submitted fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner Shirley H. Magarian resided in Los Altos, California, at the time the petition was filed.

Petitioners' income tax return for the taxable year 1981 was filed on or before April 15, 1982. Prior to the expiration of the time prescribed in section 6501(a) for the assessment of tax due for the year 1981, the parties executed a Form 872-A (Special Consent to Extend the Time to Assess Tax).

In an examination report dated October 29, 1986 (transmitted to petitioners under the cover of a letter dated January 29, 1987), respondent disallowed deductions claimed by petitioners on their 1981 return with respect to a partnership known as White Research & Development (the partnership). Further, respondent proposed a deficiency in and additions to petitioners' Federal tax and increased interest for the taxable year 1981 arising from the disallowed deductions.

In a letter dated April 8, 1987, respondent made an offer of settlement to petitioners regarding their claimed partnership deductions for the taxable year 1982. (Petitioners previously filed a petition with this Court for the taxable year 1982 which was assigned docket No. 23406-86.)

On September 17, 1987, petitioners executed a document entitled "Closing Agreement on Final Determination Cover-

ing Specific Matters" (the closing agreement) relating to the taxable year 1981. The closing agreement states in pertinent part:

WHEREAS, taxpayer is a partner in a partnership named White Research and Development.

\* \* \* \* \* \* \*

WHEREAS, the taxpayer[s] claimed their share of losses and/or credits from the partnership; and

WHEREAS, taxpayer was allowed an ordinary deduction in the amount of $8,250.00 for the taxable year ended December 31, 1982.

WHEREAS, the parties wish to resolve with finality the disputes with respect to the partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

(1) Taxpayer is entitled to an ordinary deduction in the amounts of $8,250.00 for the taxable year ended December 31, 1981.

(2) Any losses or deductions subsequent to 1982 \* \* \* shall not exceed the cash contributed by the taxpayer to the capital of the partnership after 1982.

(3) Taxpayer will report $1,500.00 as ordinary income from the partnership in the year ended December 31, 1986.

(4) Any distributions from the partnership are includible as ordinary income in the year received, to the extent they exceed cash investment for which no loss or deduction was allowed.

(5) Any discharge or forgiveness of the promissory notes payable to Commodity Systems Development Associates will not result in taxable income to the taxpayer in any taxable year.

The closing agreement became final and conclusive on September 28, 1987.

On November 2, 1987, petitioners executed a decision document for the taxable year 1982. The decision entered by the Court on November 23, 1987, reflects the parties' agreement that petitioners would pay a deficiency in tax of $3,094 and an addition to tax under section 6659 in the amount of $464.

On July 19, 1989, and prior to the expiration of the special consent extending the period to assess tax due for the taxable year 1981, respondent issued to petitioners a notice of deficiency determining additions to tax and increased interest for the taxable year 1981 pursuant to sections 6653(a)(1), 6653(a)(2), 6659, and 6621(c).

Petitioners argue that the closing agreement bars respondent from determining the additions to tax and increased

interest set forth in the notice of deficiency. In particular, petitioners maintain that the closing agreement was intended to resolve all disputes with respect to the partnership, including additions to tax and increased interest.

Respondent, relying on *Zaentz v. Commissioner*, 90 T.C. 753 (1988), counters that the closing agreement affects only the specific matters therein agreed to. Because the closing agreement does not address petitioners' liability for additions to tax and increased interest, respondent contends that he is not precluded from determining those items.

## *Discussion*

As a preliminary matter, this Court lacks jurisdiction to redetermine increased interest pursuant to section 6621(c). See *White v. Commissioner*, 95 T.C. 209 (1990); see also *Odend'hal v. Commissioner*, 95 T.C. 617 (1990). Accordingly, to the extent petitioners seek a redetermination of increased interest pursuant to section 6621(c), that portion of the pleadings will be dismissed for lack of jurisdiction and is considered stricken.

Section 7121, entitled "CLOSING AGREEMENTS," provides as follows:

SEC. 7121(a). AUTHORIZATION.—The Secretary is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period.

(b) FINALITY.—If such agreement is approved by the Secretary (within such time as may be stated in such agreement, or later agreed to) such agreement shall be final and conclusive, and except upon a showing of fraud or malfeasance, or misrepresentation of a material fact—

(1) the case shall not be reopened as to the matters agreed upon or the agreement modified by any officer, employee, or agent of the United States, and

(2) in any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in accordance therewith, shall not be annulled, modified, set aside, or disregarded.

In summary, section 7121(a) authorizes respondent to enter into agreements in writing with any person (or estate) relating to the liability of that person (or estate) for any internal revenue tax and any taxable period. Closing agreements are binding on the parties as to the matters agreed

upon and may not be annulled, modified, set aside, or disregarded in any suit or proceeding unless there is a showing of fraud, malfeasance, or misrepresentation of a material fact. Sec. 7121(b); *Zaentz v. Commissioner,* 90 T.C. at 760, and cases cited therein.

As explained in *Zaentz v. Commissioner,* 90 T.C. at 760-761, there are three types of closing agreements. The first is encompassed in Form 866, which is used to close the total tax liability of a taxpayer for a past year or years. The second type of closing agreement is encompassed in Form 906, which is used with respect to the closing of specific matters affecting tax liability. The third type of closing agreement is a combined agreement which relates to both total tax liability for a past year or years and specific matters. See 14 J. Mertens, Law of Federal Income Taxation, sec. 52.01, at 2 (1991 rev.).

The closing agreement in question, relating to specific matters affecting petitioners' tax liability, is a Form 906 type of closing agreement.

Petitioners rely on *Smith v. United States,* 850 F.2d 242, 245 (5th Cir. 1988), for the proposition that a closing agreement is to be interpreted under ordinary principles of contract law (although petitioners do not agree with the case's principal holding, see *infra* p. 6). With reference to the portion of the introductory language of the closing agreement which states that "the parties wish to resolve with finality the disputes with respect to the partnership," petitioners contend that the only reasonable interpretation of the agreement is that the parties intended to resolve all disputes relating to the partnership, including additions to tax.

Respondent argues that the language relied on by petitioners is merely one of the premises underlying the closing agreement and is not a matter that the parties have agreed upon. Further, respondent emphasizes that the specific terms of the closing agreement are directed at the adjustment of items flowing directly from the partnership to petitioners and not to the additions to tax.

Although the premises in a closing agreement are helpful for interpreting the agreement, section 7121 does not bind the parties as to those premises. Rather, the parties are

bound only as the specific matters agreed upon. Sec. 7121(b); *Zaentz v. Commissioner,* 90 T.C. at 761-762.

A review of the closing agreement, quoted *supra* p. 3, shows that there is no mention of additions to tax. To the contrary, as we read the closing agreement, the parties agreed to settle with respect to the specific losses and credits which petitioners claimed from the partnership. In this light, we see no support for petitioners' contention that the parties agreed to close with respect to the additions to tax at issue in this case.

Although petitioners argue otherwise, the present controversy is essentially indistinguishable from *Smith v. United States,* 850 F.2d at 245, a case in which the Fifth Circuit ruled that the closing agreement there in question did not preclude the IRS from determining additions to tax or interest. Specifically, the closing agreement in *Smith* expressly related to the settlement of loss deductions claimed by the taxpayers with respect to an entity called "New Star Venture." The closing agreement made no mention of additions to tax and interest. Emphasizing that the additions to tax and interest in dispute were provided for by the Internal Revenue Code, the Fifth Circuit declined to foreclose the Government's claim for those amounts absent an express waiver in the closing agreement. *Smith v. United States,* 850 F.2d at 245. Compare *Ewing v. United States,* 914 F.2d 499, 505 (4th Cir. 1990) (closing agreement in which taxpayers agreed to partnership adjustments did not preclude taxpayers from claiming an overpayment under section 6401).

We also note that as a general rule closing agreements do not relate to additions to tax. See Mertens, *supra,* sec. 52.21, at 33; see also exhibit E of Rev. Proc. 68-16, 1968-1 C.B. 770, 786, 803. Respondent might easily have dispelled any perception of unfairness in this case by bringing this policy to petitioners' attention at the time the terms of the closing agreement were negotiated. The possibility of the determination of additions to tax, after a TEFRA partnership closing agreement has been signed, creates an unnecessary trap for the unwary to which taxpayers should be alerted.

In any event, if petitioners had intended to settle with respect to any of the possible additions to tax for the

taxable year 1981, they should have insisted upon the inclusion of specific language to that effect in the closing agreement. Without such language, and in the absence of an assertion by petitioners that the closing agreement should be set aside for fraud, malfeasance, or misrepresentation of a material fact, the specific matters agreed upon by the parties must be respected.

Under the circumstances, we conclude that the closing agreement does not bar respondent from determining additions to tax in this proceeding. Accordingly, since in this posture petitioners have conceded that they are liable for the full amount of the additions to tax as set forth in the notice of deficiency, we so hold.

To reflect the foregoing,

*An appropriate order will be issued.*