ESTATE OF SILVIO RAVETTI, DECEASED, DONNA LOGAN, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Ravetti v. Commissioner
Docket No. 19854-86
United States Tax Court
T.C. Memo 1993-418; 1993 Tax Ct. Memo LEXIS 429; 66 T.C.M. (CCH) 688; September 13, 1993, Filed *429 An appropriate order and decision will be entered denying petitioner's motion for summary judgment and granting summary judgment in favor of respondent as to the deficiency, the additions to tax under sections 6653(a) and 6661, and additional interest under section 6621(c). For petitioner: Richard H. Foster. For respondent: Paul J. Krug and Lamont R. Olson. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined a deficiency in and additions to petitioner's Federal income tax, as well as additional interest, as follows: Additions to Tax & Additional Interest Sec. Sec. Sec. Sec.
Year
Deficiency
6653(a)(1) 6653(a)(2) 6621(c)
6661
1982
$ 30,009
$ 1,500.45
[1]
[2]
$ 3,000.50 This case is presently before the Court on cross motions for summary judgment pursuant to Rule 121. [1] Respondent seeks summary judgment, contending that the only remaining issue in this case involves a dispute over the statute of limitations. Respondent contends that the notice of deficiency was issued timely; *430 therefore the assessment and collection of the deficiency is not barred by the statute of limitations. Consequently, respondent argues that petitioner is liable for the deficiency in income tax for 1982, additions to tax, and additional interest under section 6621(c). [2]
Petitioner's motion for summary judgment and supporting memorandum contend that the notice of deficiency is invalid because it was issued prior to completion of the examination of the partnership return, and that the decedent suffered from Alzheimer's Disease, providing a defense to the deficiency, additions *431 to tax, and additional interest, and consequently entitling petitioner to summary judgment. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts is incorporated herein by this reference. At the time the petition in this case was filed, Silvio Ravetti was alive and residing in Alamo, California. Mr. Ravetti (hereinafter sometimes referred to as decedent) was admitted to McAuley Neuropsychiatric Institute at St. Mary's Hospital in San Francisco, California, on or about November 10, 1980. The decedent was admitted to the institute for neuropsychiatric investigation for increased activity, pressured speech, and hypersexuality. He was discharged from the institute on or about December 5, 1980. On February 4, 1985, Raymond N. Bolton was appointed conservator of Mr. Ravetti's estate. Mr. Ravetti died on June 9, 1986. On August 4, 1986, Donna Logan, Mr. Ravetti's daughter, was appointed executrix of his estate. On April 4, 1986, respondent issued petitioner a notice of deficiency for taxable year 1982. In a joint stipulation of partial agreement filed August 28, 1992, petitioner concedes 100 percent of the deficiency for tax year 1982 attributable *432 to the full disallowance of all of petitioner's deductions and/or credits with respect to petitioner's investment in Glenstall Petroleum, LTD (hereinafter the Oil and Gas Partnership or simply the partnership). In addition, on September 23, 1992, the parties entered into a closing agreement to the same effect pursuant to section 7121. In both agreements, respondent conceded that the additions to tax provided for in sections 6653(a) and 6661 do not apply to any deficiency attributable to petitioner's participation in the partnership. Additionally, in both agreements, petitioner conceded that the deficiency for tax year 1982 would bear statutory interest at the rate imposed by section 6621(c) with respect to interest accruing after December 31, 1984. Both agreements state: This agreement is solely intended to resolve the question of the amount of deductions to which petitioner is entitled from the GLENSTALL PETROLEUM partnership but does not preclude petitioner from raising other issues which would affect the deficiency resulting from the adjustment to said partnership. Respondent reserves the right to object to the raising of any issues by petitioner not previously pleaded.
*433 Accordingly, the parties stipulated to the deductions and credits with respect to Mr. Ravetti's (petitioner's) investment in the partnership, as follows: (1) Partnership loss in the amount of $ 37,571; (2) Investment tax credit in the amount of $ 428; and (3) Investment interest expense in the amount of $ 21,833. All of the additions to tax and the additional interest determined in respondent's notice of deficiency relate to petitioner's investment in the partnership. OPINION A motion for summary judgment should be granted under Rule 121(b) only if the record establishes that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. The burden of proof is on the moving party to show that no issue of material fact exists. We view the evidence in the light most favorable to the nonmoving party. Blanton v. Commissioner, 94 T.C. 491, 494 (1990); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). A motion for summary judgment will be denied if there is any reasonable doubt as to the facts *434 at issue. Hoeme v. Commissioner, 63 T.C. 18, 20 (1974). Applying these standards to the facts at issue and in a manner most favorable to the nonmoving party, we conclude that as to respondent's motion for summary judgment, respondent has met her burden of proving that no genuine issue of material fact remains in existence as to the additions to tax under section 6653(a) for negligence and section 6661 for substantial understatement of tax liability, which respondent conceded in prior agreements. In addition, we will grant summary judgment in favor of respondent as to the deficiency and additional interest under section 6621(c) on substantial underpayments attributable to tax-motivated transactions, both of which petitioner conceded in the stipulation and closing agreement. [3]
We *435 note that in the closing agreement as well as the stipulation of partial agreement, petitioner conceded 100 percent of the deficiency attributable to its investment in the Oil and Gas Partnership and additional interest on that deficiency under section 6621(c). It is well established that closing agreements are binding on the parties as to terms agreed upon and may not be annulled, modified, set aside, or disregarded in any suit or proceeding unless there is a showing of fraud, malfeasance, or misrepresentation of material fact. Sec. 7121(b); Estate of Magarian v. Commissioner, 97 T.C. 1, 5-6 (1991) (citing Zaentz v. Commissioner, 90 T.C. 753, 760-761 (1988)). Because petitioner has not proven fraud or misrepresentation on the part of respondent, we hold petitioner bound by the closing agreement. We turn now to the statute of limitations issue. The notice of deficiency was issued on April 4, 1986, less than 3 years after the due date of the 1982 tax return. However, petitioner contends that the notice was invalid because of lack of prior determination by respondent. In asserting that the notice of deficiency was *436 issued prior to a factual determination by respondent and thus invalid, petitioner relies on Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983). However, that decision can be distinguished from the case at hand. In Scar, respondent issued a notice of deficiency determining a deficiency of $ 96,600 and disallowing certain deductions that respondent stated the taxpayers had taken as participants in a mining project. The Court of Appeals for the Ninth Circuit found that it was clear from the face of the notice that respondent had determined the deficiency without examining the taxpayer's return, since the taxpayers had never participated in any mining project. Id. Clearly, no such circumstances are present in the case at hand. Indeed the stipulated agreements entered into concerning decedent's involvement in the partnership and distributions received therefrom clearly reflect that the notice of deficiency had a basis in reality. Moreover, the Ninth Circuit in Scar reenunciated the general rule that courts will not "look behind a deficiency notice to question the Commissioner's motives *437 and procedures leading to a determination." Id. at 1368 (citing Riland v. Commissioner, 79 T.C. 185, 201 (1982)); see also Clapp v. Commissioner, 875 F.2d 1396, 1400 (9th Cir. 1989). Furthermore, where the notice of deficiency does not, on its face, reveal the Commissioner's failure to make a determination, the taxpayer bears the burden of showing no determination was made. Campbell v. Commissioner, 90 T.C. 110, 114 (1988). Since the face of the notice does not indicate that respondent failed to made a determination, and since petitioner failed to prove that a determination was not made, we hold the notice of deficiency to be valid. Petitioner acknowledges that a stipulation of partial agreement was filed in this case. However, petitioner argues that the stipulation was made on the basis that special defenses unique to the estate would be allowed. Petitioner argues, both in its opposition to respondent's motion and in its own summary judgment motion, that decedent's mental state and competency (allegedly, Alzheimer's Disease) is a crucial fact in this case. Petitioner attached the *438 opinion of decedent's treating psychiatrist, Dr. Stephen Krause, which petitioner states was stipulated to by respondent. Petitioner further claims that in order for respondent to prevail on her motion for summary judgment, respondent must prove that there was a lack of profit objective by the general partner(s) of the partnership. Therefore, decedent's mental competency becomes a crucial issue. [4] Conversely, respondent contends that Silvio Ravetti's mental competency is not relevant to the partnership issues involved in this case, because those issues have been settled by agreement between the parties. *439 We agree with respondent. Nevertheless, we will address petitioner's contention for the sake of completeness. It is well established that the determination of whether a partnership is engaged in a trade or business or in an activity with the requisite profit objective is made at the partnership level. Fox v. Commissioner, 80 T.C. 972 (1983), affd. without published opinion 742 F.2d 1441 (2d Cir. 1984); Brannen v. Commissioner, 78 T.C. 471, 503-505 (1982), affd. 722 F.2d 695 (11th Cir. 1984). Petitioner seems to be arguing that decedent's mental state prevented him from having the requisite profit objective. If correct, petitioner would nevertheless lose because, to fall outside section 183 (deductions from an activity "not engaged in for profit"), petitioner must prove that the general partner engaged in activities in issue with an actual and honest profit objective. Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Petitioner misunderstands *440 both who has the burden (petitioner) and what must be shown. Petitioner failed to meet its burden of proof that the general partner(s) in the partnership possessed the necessary profit objective. See BJR Corp.v. Commissioner, 67 T.C. 111, 130 (1976). Petitioner never clearly established whether the decedent was a general or limited partner in the partnership. If the decedent was a limited partner, we note that, in a limited partnership, the activities of the general partner(s) determine whether the partners have engaged in an activity for profit. Fox v. Commissioner, supra at 1008. Therefore, the decedent's mental competency or lack thereof is neither relevant nor determinative. See Estate of Ravetti v. Commissioner, T.C. Memo. 1993-343 (involving tax years 1976-1978). Even if we somehow took into account petitioner's lack of mental capacity in making the investment, our determination would remain unchanged. Petitioner has failed to otherwise prove the allowability of the partnership deductions. Specifically, no evidence regarding the profit objective of the general partner was offered. *441 Moreover, this case involves tax year 1982, but the decedent was not declared incompetent until 1985. We have no evidence of his mental capacity in 1982. To reflect the foregoing, An appropriate order and decision will be entered denying petitioner's motion for summary judgment and granting summary judgment in favor of respondent as to the deficiency, the additions to tax under sections 6653(a) and 6661, and additional interest under section 6621(c). Footnotes
1. 50 percent of the interest due on $ 30,009.↩
2. 120 percent of the interest due on the deficiency for the taxable year.↩
1. All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Subsection (d) of sec. 6621 was redesignated subsection (c) and amended by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1511(c)(1)(A)-(C), 100 Stat. 2744. We use the reference to the Internal Revenue Code as redesignated and amended.↩
3. In our order entered August 5, 1993, we denied petitioner's motion to be relieved from the stipulation of partial agreement and from the waiver, under section 6213(d), contained in the closing agreement.↩
4. Petitioner argues that the decedent's mental incompetency, due to Alzheimer's Disease, precludes the imposition of the additions to tax. We note that, in some instances, a taxpayer's mental competency can relieve him of liability for additions to tax. See Williams v. Commissioner, 16 T.C. 893 (1951) (illness or incapacity may constitute reasonable cause if taxpayer establishes he was so ill as to be unable to file); Harbour v. Commissioner, T.C. Memo. 1991-532 (incapacitation was reasonable cause, therefore, taxpayer not liable for negligence); Jones v. Commissioner, T.C. Memo. 1988-542↩ (taxpayer found not liable for negligence because of extended period of disability).