105 T.C. No. 24


UNITED STATES TAX COURT


HARVEY M. PERT, TRANSFEREE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


KATHLEEN M. PERT, F.K.A. KATHLEEN M. RIFFE, TRANSFEREE,
Petitioner <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 13783-94, 13784-94.    Filed November 15, 1995.


    Kathleen M. Pert signed closing agreements (Forms
866) pursuant to sec. 7121 I.R.C., for tax years 1986,
1988, and 1989 for both herself and as personal
representative of the estate of her deceased husband,
Timothy C. Riffe.  Respondent accepted the closing
agreements.

    Timothy Riffe and Kathleen Pert filed joint
returns for those years.  Under the closing agreements,
Timothy Riffe, deceased, is liable for the addition to
tax for fraud for 1986 and Kathleen Pert is not.

    Kathleen Pert signed a settlement stipulation for
1987 on her own behalf and as personal representative

of the Estate of Timothy Riffe.  The Tax Court entered a decision based on that settlement stipulation.

Respondent determined that petitioner, Kathleen Pert's second husband, Harvey Pert, is liable as a transferee of assets from Kathleen Pert and as a successor transferee of assets from Timothy Riffe, deceased.

Respondent filed a motion for partial summary judgment to establish that:  (1) Petitioner Harvey Pert may not contest Timothy Riffe's and Kathleen Pert's tax liability, and that (2) the statute of limitations does not bar assessment of transferee liability against petitioner Harvey Pert for 1986.

Held:  If it is established that petitioner Harvey Pert is a transferee, then:  (1) He may not contest the deficiencies and additions to tax for fraud as established by the closing agreements except on the grounds available to the parties to the closing agreements under sec. 7121 I.R.C. (fraud, malfeasance, or misrepresentation of a material fact); and (2) the statute of limitations does not bar assessment of transferee liability against petitioner.

B. Gray Gibbs for petitioner.

Michael A. Pesavento for respondent.

OPINION

COLVIN, Judge:  This case is before the Court on respondent's motion for partial summary judgment on two issues:

(1)  Whether petitioner Harvey Pert may contest (on grounds other than fraud, malfeasance, or misrepresentation of a material fact) the tax liability established by closing agreements for 1986, 1988, and 1989 under section 7121 which were agreed to:

(a) By Kathleen Pert, and (b) by Kathleen Pert, personal representative of the Estate of Timothy C. Riffe, the alleged transferors in this case. We hold that he may not.

(2) Whether the statute of limitations bars assessment of transferee liability against petitioner for 1986. We hold that it does not. Petitioner does not claim that the statute of limitations bars the assessment of transferee liability against him for 1987, 1988, or 1989.

Respondent's motion raises issues of first impression for this Court. Our decision on both issues is based on our holding that a transferee (and a successor transferee) is bound by a closing agreement made under section 7121 by Commissioner and the transferor. We leave certain other issues for trial, such as whether (or to what extent) petitioner is a transferee.

References to petitioner are to Harvey Pert. Kathleen Pert, his wife, was formerly married to Timothy Riffe, deceased. Kathleen Pert was formerly Kathleen Riffe.

Section references are to the Internal Revenue Code of 1986 as in effect during the years at issue. Rule references are to the Tax Court Rules of Practice and Procedure.

Summary judgment or partial summary judgment is appropriate if the pleadings, answers to interrogatories, depositions, admissions, affidavits and any other acceptable materials, show that there is no genuine issue as to any material fact and that a

decision may be rendered as a matter of law.  Rule 121(b);
Sturniolo v. Sheaffer, Eaton, Inc., 15 F.3d 1023, 1024 (11th Cir.
1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  The
moving party has the burden of making this showing.  Weinberger
v. Hynson, Westcott & Dunning, 412 U.S. 609, 621-622 (1973);
Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).  In deciding
whether to grant summary judgment, we view the facts and
inferences drawn therefrom in the light most favorable to the
nonmoving party.  Velten v. Regis B. Lippert, Intercat, Inc., 985
F.2d 1515 (11th Cir. 1993); Naftel v. Commissioner, 85 T.C. 527,
529 (1985).  Respondent's motion is appropriate for partial
summary judgment because no fact necessary for our consideration
of the motion is in dispute.

## Background

Petitioner lived in Florida when he filed the petition in
this case.

### 1. Timothy Riffe, Deceased, and Kathleen Pert

For taxable years ending 1986, 1987, 1988, and 1989,
Timothy Riffe, deceased, and Kathleen Pert timely filed joint
Federal income tax returns reporting income from several Schedule
C activities.  Timothy Riffe died on February 11, 1991.  When he
died, he was married to Kathleen Pert.

According to Timothy Riffe's will, Kathleen Pert was
appointed personal representative of his estate.  She was also

the sole beneficiary of his estate. On September 7, 1991, while administrating the Estate of Timothy Riffe, Kathleen Pert was married to petitioner.[1]

2. The Closing Agreements

On April 23, 1993, Kathleen Pert, in her fiduciary capacity, on behalf of Timothy Riffe, deceased, and respondent, duly executed a final closing agreement (Form 866, "Agreement as to Final Determination of Tax Liability") under section 7121. In it, respondent and Kathleen Pert, personal representative for the Estate of Timothy Riffe, agreed to deficiencies in and additions to the income tax of Timothy Riffe, deceased, for taxable years 1986, 1988, and 1989, including liability for the addition to tax for civil fraud for 1986 under section 6653(b)(1)(A) and (B).

On April 23, 1993, Kathleen Pert, on her own behalf, and respondent, duly executed another final closing agreement (Form 866) under section 7121. In it, she and respondent agreed to deficiencies in her income tax for 1986, 1988, and 1989, in the same amounts as the tax liabilities agreed to for Timothy Riffe, deceased, for those years. No additions to tax were imposed upon Kathleen Pert.

---

[1] This proceeding, docket No. 13783-94, and the related proceeding involving Kathleen M. Pert, docket No. 13784-94, were consolidated for purposes of trial, briefing, and opinion on Apr. 19, 1995. Respondent has also filed a motion for partial summary judgment in docket No. 13784-94. An order will be issued on that motion consistent with this opinion.

The closing agreements state:

This agreement is final and conclusive except:

(1) The liability it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact and

(2) It is subject to the Internal Revenue Code sections that expressly provided that effect be given to their provisions notwithstanding any other law or rule of law except Code section 7121.

By signing this agreement, the above parties certify that they have read and agreed to its terms.

3. <u>Settlement and Stipulated Decision for 1987</u>

Respondent determined a deficiency in the joint tax of Timothy Riffe, deceased, and Kathleen Pert, for tax year 1987. Timothy Riffe, deceased, and Kathleen Pert petitioned the Tax Court (Docket No. 15214-91), challenging respondent's determination for that year. The parties settled that case. This Court entered a stipulated decision on June 4, 1993, in which Kathleen Pert, acting in her own behalf, and as personal representative of the Estate of Timothy Riffe, agreed to a deficiency in tax and additions to tax for 1987. Under the settlement, the Estate of Timothy Riffe and Kathleen Pert agreed to the same deficiency. Additions to tax for negligence and substantial understatement of tax were imposed on Timothy Riffe, deceased, but not on Kathleen Pert.

4. <u>Notices of Transferee Liability</u>

On May 27, 1994, respondent mailed two notices of transferee liability to petitioner in which respondent determined: (a)

Petitioner is liable as a successor transferee (i.e., a transferee of a transferee) of the assets of Timothy Riffe, deceased, in the amount of $140,075 plus interest; and (b) petitioner is liable as a transferee of the assets of Kathleen Pert in the amount of $67,672, plus interest as provided by law.

## Discussion

### 1. Position of the Parties

Petitioner admits that Kathleen Pert, as a personal representative of the Estate of Timothy Riffe, agreed to the deficiencies and additions to tax for 1986, 1988, and 1989 with respect to the income tax of Timothy Riffe. Petitioner also admits that the copies of the Forms 866 attached to respondent's answer were the means by which the tax liabilities of Timothy Riffe, deceased, and Kathleen Pert were compromised and later assessed by the Commissioner.

Petitioner argues that he is not precluded by the closing agreements from litigating the underlying deficiencies and additions to tax of Timothy Riffe, deceased, and Kathleen Pert, in connection with respondent's determination that he is a transferee of Kathleen Pert and a successor transferee of Timothy Riffe, deceased.

Petitioner points out that Kathleen Pert was not a party in her individual capacity to the closing agreement for Timothy Riffe, deceased, and contends that the closing agreement is not binding on petitioner.

2.   Closing Agreements Under Section 7121

Section 7121 provides as follows:

Sec. 7121.  Closing Agreements.

     (a) Authorization.--The Secretary is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period.

     (b) Finality.--If such agreement is approved by the Secretary (within such time as may be stated in such agreement, or later agreed to) such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of material fact--

        (1)   The case shall not be reopened as to the matters agreed upon or the agreement modified by any officer, employee, or agent of the United States, and

        (2)   In any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in accordance therewith, shall not be annulled, modified, set aside, or disregarded.

Statutory authority for closing agreements has existed since 1921.  Revenue Act of 1921, ch. 136, tit. XIII, sec. 1312, 42 Stat. 227, 313.  At least since 1934, the U.S. Treasury Department has had two forms on which closing agreements may be executed.  XIII-1 C.B. 162, 162-163 (1934).  Form 866 provides for a final and conclusive agreement between the Commissioner and the taxpayer to the total tax liability of the taxpayer.  Form 906 provides for a final and conclusive agreement between the Commissioner and the taxpayer to matters or issues specified in

the agreement.  Sec. 301.7121-1(d)(1), Proced. & Admin. Regs.
Both closing agreements in this case were executed on Forms 866,
Agreement as to Final Determination of Tax liability.

The closing agreements establish the tax liability of
Timothy Riffe, deceased, and Kathleen Pert for income tax
deficiencies and additions to tax for 1986, 1988, and 1989.
Sec. 7121(b); Estate of Magarian v. Commissioner, 97 T.C. 1, 4-5
(1991); Zaentz v. Commissioner, 90 T.C. at 753.  Timothy Riffe,
deceased, Kathleen Pert and respondent are bound by the closing
agreements, absent a showing of fraud, malfeasance, or a
misrepresentation of material fact.  Sec. 7121(b).[2]  Petitioner
does not allege that the closing agreements in this case were
obtained by fraud, malfeasance, or a misrepresentation of a
material fact.

3.   Whether a Transferee Is Bound by a Closing Agreement Made by
     the Transferor

We are not aware of any case that decides whether a
transferee or successor transferee is bound by a closing
agreement made under section 7121 by the transferor.

---

[2] The standards for invalidating a closing agreement under
sec. 7121 are similar to the standards for vacating a stipulated
decision entered by a court; i.e., fraud, malfeasance, or the
misrepresentation of a material fact.  See Korangy v.
Commissioner, 893 F.2d 69, 72 (4th Cir. 1990), affg. T.C. Memo.
1989-2; Stamm International Corp. v. Commissioner, 90 T.C. 315
(1988).  Estate tax closing agreements (Form 870-AD) do not have
the same finality as closing agreements under sec. 7121.
Schwager v. Commissioner, 64 T.C. 781, 789 (1975).

Section 7121(b)(2) provides that "in any suit, action or proceeding" the closing agreement shall not be "annulled, modified, set aside or disregarded."  If petitioner can contest the deficiencies and fraud additions established by Timothy Riffe's and Kathleen Pert's closing agreements, we are then "disregarding" the agreements to that extent.  To allow petitioner to contest Timothy Riffe's and Kathleen Pert's tax liabilities for tax years 1986, 1988, and 1989 would conflict with section 7121, and undermine its purpose.

Cases holding that res judicata applies between a transferor and a transferee are analogous.  Under the doctrine of res judicata, parties and their privies to a prior action that concluded with a final decision on the merits, are bound as to all issues that were or might have been decided in the prior action.  Commissioner v. Sunnen, 333 U.S. 591, 597 (1948).  Res judicata applies in tax cases.  United States v. International Building Co., 345 U.S. 502, 506 (1953).

If res judicata applies to a taxpayer who was a party to a prior case, it also applies to persons in privity with the taxpayer.  It is well settled that a transferee is in privity with the transferor for purposes of the Internal Revenue Code. Baptiste v. Commissioner, 29 F.3d 1533, 1539 (11th Cir. 1994); affg. 100 T.C. 252 (1993), affd. and revd. on other grounds 29 F.3d 433 (8th Cir. 1994); First Natl. Bank v. Commissioner, 112 F.2d 260 (7th Cir. 1940); Krueger v. Commissioner, 48 T.C. 824,

830 (1967); <u>Jahncke Serv., Inc. v. Commissioner</u> 20 B.T.A. 837 (1930).  In <u>Krueger</u>, we noted that "it would be a strange rule to confer upon the transferee broader rights than the transferor by allowing the transferee to relitigate an issue when a transferor is denied that privilege."  <u>Krueger v. Commissioner</u>, <u>supra</u> at 830.[3]

In <u>First Natl. Bank v. Commissioner</u>, <u>supra</u>, the Court of Appeals for the Seventh Circuit said:

> It is intended by the statute that the commissioner shall pursue the liability against the property of the taxpayer whether retained by the latter or transferred gratuitously by him to others.  There is in this situation privity of title to the assets transferred and now sought to be reached by virtue of the statute.  * * *
>
> [the transferees] took the property * * * subject to the statutory liability and, that being fixed, in the absence of fraud, collusion or lack of jurisdiction, they are bound by the determination.  * * *

<u>First Natl. Bank v. Commissioner</u>, <u>supra</u> at 262.

Petitioner points out that in <u>Phillips v. Commissioner</u>, 178 F.2d 270, 271 (3d Cir. 1949), affg. 8 T.C. 1286 (1947) supplemented by 11 T.C. 653 (1948), the Court of Appeals for the Third Circuit held that a final closing agreement (Form 866) under section 3720 of the Internal Revenue Code of 1939 (the predecessor to section 7121) between a corporation and the

---

[3] In light of our holding that a transferee or successor transferee is bound by a transferor's closing agreement under sec. 7121 as a matter of law, we need not further address petitioner's contention that petitioner is not in privity with Timothy Riffe.

Commissioner was not binding on the stockholders of the corporation.  The Court of Appeals for the Third Circuit explained that a closing agreement does not bind "strangers to the agreement".  Id. at 271.  The Court of Appeals for the Third Circuit said that the shareholders are strangers to the agreement, and neither are bound by nor can take advantage of the agreement.  We disagree that Phillips controls here because in Phillips the shareholders were not transferees of the corporation.  The relationship between transferors and transferees is not the same as between shareholders and the corporation.

We conclude that a closing agreement under section 7121 binds a transferee of the party to the closing agreement, in a manner analagous to the way res judicata binds a transferee to a prior judicial decision in which the transferor was a party.  Our holding applies to petitioner to the extent he is either a transferee or a successor transferee.  Petitioner correctly states that respondent has cited no case in which the Court concluded that a transferee of a transferee is in privity with the original transferor.  Petitioner contends that petitioner is not in privity with the Estate of Timothy Riffe and thus the closing agreement does not apply to petitioner.  We disagree because, if it is established that petitioner is a transferee or successor transferee, he is in privity with the transferor as a matter of law.  We see no basis for distinguishing between a

transferee and a successor transferee for purposes of this issue. See <u>Bos Lines, Inc. v. Commissioner</u>, 354 F.2d 830, 833-834 (8th Cir. 1965), affg. T.C. Memo. 1965-71; see <u>Robinette v. Commissioner</u>, 139 F.2d 285, 286 (6th Cir. 1943), affg. 46 B.T.A. 1138 (1942); <u>Estate of Goldsborough v. Commissioner</u>, 70 T.C. 1077, 1086 (1978), affd. without published opinion 673 F.2d 1310 (4th Cir. 1982); <u>Fibel v. Commissioner</u>, 44 T.C. 647, 659 (1965).

4.   <u>Statute of Limitations for Assessment of Transferee Liability for 1986</u>

In the closing agreements relating to Timothy Riffe's and Kathleen Pert's 1986 joint return, it was agreed that Timothy Riffe (but not Kathleen Pert) was liable for the addition to tax for fraud.  If there were no fraud on Timothy Riffe's and Kathleen Pert's 1986 tax return, then the time to assess tax against petitioner as transferee would apparently have expired before May 27, 1994, when respondent sent the notices of transferee liability to petitioner.

Petitioner contends that respondent is not entitled to summary judgment on the issue of the statute of limitations for 1986 because the evidence, viewed most favorably for petitioner, does not require a finding that the statute of limitations is still open.  However, petitioner cites no fact that is material to deciding respondent's motion and that remains in dispute. Petitioner argues that if respondent fails to establish civil fraud, then the statute of limitations bars the assessment of any

transferee liability for the year 1986.  Petitioner points out that the closing agreement provided that Kathleen Pert was not liable for the civil fraud additions to tax assessed against the Estate of Timothy Riffe, and contends that respondent may not now assess transferee liabilities against Kathleen Pert or against petitioner based upon those civil fraud additions.  We disagree.

The income tax due from Kathleen Pert for 1986, may be assessed at any time because it was agreed in the closing agreement for the Estate of Timothy Riffe that the joint income tax return filed for that year was false or fraudulent.  Sec. 6501(c)(1).  Where a joint fraudulent return is filed, the Commissioner may assess a tax at any time against either spouse, even if only one of the spouses committed fraud in filing the return.  Sec. 6501(c)(1); Benjamin v. Commissioner, 66 T.C. 1084, 1100-1101 (1976), affd. 592 F.2d 1259 (5th Cir. 1979); Vannaman v. Commissioner, 54 T.C. 1011, 1018 (1970); Estate of Sawcza v. Commissioner, T.C. Memo. 1993-210, affd. without published opinion 46 F.3d 70 (11th Cir. 1995).

If the transferor's tax may be assessed at any time because of fraud, the period of limitations against a transferee of the transferor remains indefinitely open.  Bartmer Automatic Self Serv. Laundry, Inc. v. Commissioner, 35 T.C. 317, 322 (1960); Forehand v. Commissioner, T.C. Memo. 1993-618.  Thus, we hold that the limitations period for assessing transferee liability against petitioner for the tax year 1986 has not expired.

5.    Stipulated Settlement Decision for 1987

Petitioner concedes that Kathleen Pert, in her capacity as personal representative of the Estate of Timothy Riffe, agreed to a stipulated decision that Timothy Riffe, deceased, was liable for deficiencies and additions to tax for negligence and substantial understatement of tax for 1987.  Petitioner also concedes that Kathleen Pert agreed to a stipulated decision that established her tax liabilities for 1987.  Petitioner also concedes that liabilities were assessed by respondent pursuant to such agreement.

Petitioner argues that he may relitigate the liability of Timothy Riffe, deceased, and Kathleen Pert for 1987.  We disagree.  As we stated in par. 3 above, res judicata bars a transferee from relitigating the income tax liabilities of a transferor once a final decision has been entered by the Tax Court in the transferor's case, if the decision was stipulated. Krueger v. Commissioner, 48 T.C. at 829-830; Baptiste v. Commissioner, 29 F.3d 1533 (11th Cir. 1994); Forehand v. Commissioner, supra; see Huddleston v. Commissioner, 100 T.C. 17 (1993).

Petitioner acknowledges that Baptiste v. Commissioner, supra, and Krueger v. Commissioner, supra, hold that petitioners are bound by the stipulated decision signed by the Estate of Timothy Riffe.  Petitioner acknowledges that, unless we reconsider our previous decisions on this issue, res judicata

bars him from contesting the deficiencies and additions to tax for 1987 as stipulated by Kathleen Pert for herself and Timothy Riffe.  Petitioner urges us to reconsider those cases.

One of the requirements for res judicata to apply is that the earlier proceeding must have resulted in a final judgment on the merits.  Commissioner v. Sunnen, 333 U.S. 591 (1948); Peck v. Commissioner, 90 T.C. 162, 166 (1988), affd. 904 F.2d 525 (9th Cir. 1990); Gammill v. Commissioner, 62 T.C. 607, 613 (1974). Petitioner asserts that it is at best a legal fiction to treat a stipulated decision as a judgment on the merits.  Petitioner asserts that Kathleen Pert agreed to the stipulated decision because she lacked funds, and that she filed bankruptcy 8 months after the stipulated decision was entered.  In spite of petitioner's argument, we decline to reconsider the well-established principle that a Tax Court decision entered pursuant to the stipulation of the parties is considered to be judgment on the merits for purposes of res judicata.  See Baptiste v. Commissioner, supra at 1539-1541; see also United States v. Intl. Building Co., 345 U.S. at 506.

To reflect the foregoing,

Orders will be issued granting respondent's motions for partial summary judgment.