T.C. Memo. 1996-233


UNITED STATES TAX COURT


DAVID A. STURMAN AND CELINDA M. STURMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10024-95.                    Filed May 22, 1996.


<u>F. Richard Losey</u> and <u>Daniel J. Leer</u>, for petitioners.

<u>Debra K. Estrem</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  Petitioners move for summary adjudication in
their favor, arguing that res judicata disposes of this case.
Petitioners support their motion with two affidavits (with
attached exhibits), as well as a memorandum of law.  Petitioners'
affiants are:  (1) David A. Sturman, one of petitioners herein

and the sole shareholder of Inter-Regional Service Corp. (Corporation), and (2) Harlan Sharpers, Corporation's director. Respondent objects to petitioners' motion, arguing primarily that a genuine issue of fact exists as to the applicability of res judicata. Respondent supports her objection with two affidavits, one of which has attached exhibits, and a memorandum of law. Respondent's affiants are: (1) Jerry Li, Associate Chief of Appeals, Internal Revenue Service, in San Francisco, California, and (2) Debra K. Estrem, respondent's counsel herein.

We agree with respondent that this case is not ripe for summary adjudication due to differences in opinion as to material facts, and we shall deny petitioners' motion.

## Background[1]

Corporation was incorporated in the State of California on October 24, 1983, and Mr. Sturman is its only shareholder. Since its incorporation, Corporation has been engaged in the adult entertainment industry. It owns and services arcade machines that it places in adult book stores. At all relevant times, Mr. Sturman was Corporation's general manager and chief executive officer. Mr. Sturman was indicted by a Federal grand jury in 1986. In relevant part, the indictment charged that he had

---

[1] The "facts" presented in this Opinion are stated solely for purposes of deciding the motion and are not findings of fact for this case. Fed. R. Civ. P. 52(a); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). When they petitioned the Court, petitioners resided in Hillsborough, California.

conspired to hamper, hinder, and impede the ascertaining, computation, assessment, and collection of his father's Federal income taxes.

In its taxable year ended June 30, 1990 (the 1989 taxable year), Corporation incurred and paid $137,744 in legal fees and $11,642 in travel-related expenses defending the criminal action. On its 1989 Federal income tax return, Corporation deducted the former amount as "legal expenses" and the latter amount as "travel and entertainment".  Corporation paid $41,671 and $163,753 in legal fees during its 1990 and 1991 taxable years, respectively, defending the criminal action.  Corporation deducted these amounts as "legal expenses" on its 1990 and 1991 Federal income tax returns.

In 1993, the Commissioner audited Corporation's 1989, 1990, and 1991 Federal income tax returns.  The Commissioner disallowed the above-mentioned deductions taken by Corporation, and she issued Corporation a notice of deficiency reflecting her disallowance. According to the notice of deficiency, which was dated April 4, 1994, Corporation could not deduct these amounts because:  (1) The underlying expenses were not "directly or proximately related to the corporation's trade or business", (2) "the source of the criminal charges or the character of the conduct from which the charges arise determines the deductibility or nondeductibility of the legal expenses in question", and (3) the legal expenses were incurred by Mr. Sturman and

indemnified by Corporation in connection with the personal Federal income tax returns of him and his father, rather than the returns of Corporation.

Corporation petitioned the Court with respect to the notice of deficiency, alleging that it could deduct the subject expenses as employee compensation. The Commissioner transferred the case to her Appeals office for their development, and that office eventually settled the case without trial. On January 9, 1995, the Court entered a stipulated decision that allowed Corporation to deduct the subject expenses.

On March 16, 1995, the respondent issued a notice of deficiency to petitioners. In relevant part, this notice reflected the respondent's determination that: (1) The $149,386 of expenses deducted by Corporation on its 1989 tax return ($137,744 + $11,642) was constructive dividends to Mr. Sturman in 1990, and (2) the $205,424 of expenses deducted by Corporation on its 1990 and 1991 Federal income tax returns ($41,671 + $163,753) was constructive dividends to Mr. Sturman in 1991. In her answer, respondent asserted alternatively that the amounts deducted by Corporation were "in the nature of salary or other compensation" paid on behalf of Mr. Sturman, and that Mr. Sturman was not entitled to a deduction with respect thereto because the underlying expenses were personal.

## Discussion

Summary adjudication is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual issues. Kroh v. Commissioner, 98 T.C. 383, 390 (1992); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). A decision on the merits of a taxpayer's claim can be made by way of summary adjudication "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Tax Court Rules of Practice and Procedure Rule 121(b). Because summary adjudication decides an issue against a party before trial, we grant such a remedy cautiously and sparingly, and only after carefully ascertaining that the moving party has met all the requirements for summary adjudication. Associated Press v. United States, 326 U.S. 1, 6 (1945); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).

The Court will not resolve disagreements over material factual issues through summary adjudication. Espinoza v. Commissioner, supra at 416. The burden of proving that there is no genuine issue of material fact is on the moving party, and factual inferences are viewed in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Kroh v. Commissioner, supra at 390. A fact is material if it "tends to resolve any of the issues that have been

properly raised by the parties."  10A Wright et al., Federal Practice and Procedure:  Civil, sec. 2725, at 93 (2d ed. 1983).

Res judicata requires that the parties and their privies to a prior action that has resulted in a final decision on the merits be bound as to all issues that were or might have been decided in that action.  Commissioner v. Sunnen, 333 U.S. 591, 597 (1948).  Res judicata applies in tax cases, United States v. International Bldg. Co., 345 U.S. 502, 506 (1953), and a stipulated decision is a judgment on the merits for purposes of applying res judicata, Pert v. Commissioner, 105 T.C. 370 (1996).

Petitioners ask us to hold that res judicata mandates that the amount of the subject deductions was not income to Mr. Sturman as a matter of law based on the stipulated decision in Corporation's case.  This we cannot do.  The parties disagree on the breadth of the stipulated decision.  Petitioners' affiants allege that the Commissioner allowed Corporation to deduct the subject expenses as corporate legal fees.  Respondent's affiants allege that the Commissioner allowed Corporation to deduct the expenses as payments to Mr. Sturman in lieu of salary or other compensation.  Petitioners' affiants allege that the criminal action was related to Corporation.  Respondent's affiants allege that the criminal action was unrelated to Corporation.  The resolution of these conflicting allegations presents a question of fact that must be decided by the Court as the trier of fact. See Commissioner v. Heininger, 320 U.S. 467, 473 (1943).  The

value of a trial with complete opportunity to view the demeanor of the witnesses and each party's evidence is obvious.  See <u>Hoeme v. Commissioner</u>, 63 T.C. 18, 20 (1974).

To reflect the foregoing,

<u>An appropriate order</u>

<u>denying petitioners' motion</u>

<u>for summary judgment will be</u>

<u>issued</u>.